Oppenheimer Bros., Inc., a Missouri Corporation, and Insurance Facilities Corporation of Illinois, Plaintiffs-Appellants, v. Joyce & Company, Adams-Clark Agency, Inc., and Harry T. Huff, Defendants-Appellees.

Gen. No. 47,411.

First District, First Division.
May 14, 1958.
Released for publication May 14, 1958.

King, Robin, Gale and Pillinger, for plaintiffs-appellants.

Dent, Hampton, and Doten, for defendants-appellees.

PER CURIAM.

A motion to dismiss has been made in this case on the ground that the decree appealed from determines fewer than all the rights and liabilities at issue and

that it does not contain an express finding that there is no just reason for delaying the appeal until the matters reserved by the trial court for future determination are decided, as required by Section 50 (2) of the Civil Practice Act of Illinois (Illinois Revised Statutes 1957, Ch. 110, Sec. 50 (2)).

It appears that the complaint sought an injunction and an accounting for breach of contract between Oppenheimer Bros., Inc. and Joyce & Company and in addition sought an accounting from defendants, Harry T. Huff, Joyce & Company, Adams-Clark Agency, its subsidiary, for breach of fiduciary obligations by Huff when he was president of Insurance Facilities Corporation and Joyce & Company, Adams-Clark Agency, Inc. After issue had been joined, the court entered an order referring the cause to a master in chancery with the provision that if it developed that certain isolated issues were entirely law issues so that defendants were entitled to a jury trial, the master should not hear the evidence on such issues but should report them to the court. The master took testimony and in due course made his report. The court heard exceptions to the report and entered a decree as to certain of the issues involved, and as to certain other issues the court transferred the cause to the law side of the court for trial by jury as demanded by defendants, which in this county means a delay of four to five years. In other words, it may be four or five years before plaintiffs will be able to proceed with an appeal from the accounting which we infer from the brief filed herein is the principal part of the case.

When the court entered its order in this case, it imposed all costs including master's fees on plaintiffs and directed "that execution issue therefor." The master's fees were fixed at $3,124.50. This amount may now be immediately recovered by the levy of an execution upon property of the plaintiffs. No other construc-

tion can be placed upon the order of the court than that it was intended to have the execution issued and satisfied out of plaintiffs' property if it did not pay forthwith. Thus the court must have determined that this order was final and that there was no just reason for delaying enforcement or appeal. In Stratford Television Co. v. Multi-Tron Laboratory, Inc., 16 Ill.App. 2d 151 (Abst. Dec.) this court said (opinion by Mr. Justice Friend, January 15, 1958):

"Plaintiff's judgment, upon which execution had been ordered, was final and appealable. Section 50 (2) of the Civil Practice Act . . . does not apply to the circumstances of this proceeding."

As stated by Mr. Justice Clark in Republic of Italy v. De Angelis, 206 F.2d 121, at p. 132:

". . . while the judge did not make a finding of finality in the very words of the rule, he did so in substantial effect. . . . His intent being so clear, it would be bootless to send it back for a better formulation of the appeal formula."

In Ariola v. Nigro, 13 Ill.2d 200, the Supreme Court of this state applied Section 50 (2) and dismissed the appeal, but stated that if the trial court upon the application of either of the parties saw fit to enter a judgment with the express finding that no just reason existed for delaying the appeal, and if the parties should again appeal from that judgment, the Supreme Court would deem it unnecessary to have the parties reprint their briefs and would decide the present appeal on the record as thus supplemented. It did not appear in that case that the court had ordered an execution to issue which could be immediately levied and thereby made clear, as in this case, that the order was not only final but that there was no just reason for delaying enforcement or appeal.

410

This motion was filed April 30, 1958. The record consisting of more than 2000 pages was filed January 6, 1958. Appellants' abstract of 646 pages and brief of 68 pages were filed April 22, 1958. The only excuse for the delay in filing this motion before appellants had incurred the great labor and expense of printing abstract and brief was that the requirements of Section 50 (2) had not come to appellees' attention or that it had not appeared to appellees that this was a case to which that section was applicable until the recent decisions of Ariola v. Nigro, supra; Smith v. Hodge, 13 Ill.2d 197; and Hanley v. Hanley, 13 Ill.2d 209. But if that be an excuse, it ought to serve appellants equally to excuse their failure to procure a finding by the court as required by Section 50 (2). A motion of this sort has the aspect of a dilatory plea and may be subject to the same rules, but as this point was not argued, we rest our decision on what appears to us to be the plain purport of the court's order.

The motion to dismiss the appeal will be denied. The motion of appellees and cross-appellants that the time to file briefs and additional abstract be extended until thirty days from the entry of this order is allowed.

Motion to dismiss appeal denied.