Hawthorn-Mellody Farms Dairy, Inc., for Use of Lumbermens Mutual Casualty Company, Plaintiff, v. Elgin, Joliet and Eastern Railway Company, Defendant and Third Party Plaintiff-Appellant, v. John F. Cuneo, and Hawthorn-Mellody Farms Dairy, Inc., Division of American Processing and Sales Company, Third Party Defendants-Appellees.

Gen. No. 47,330.

First District, Second Division.

June 17, 1958.

Released for publication July 15, 1958.

Stevenson, Conaghan, Velde & Hackbert, of Chicago (Harlan L. Hackbert, and Robert L. Hesse, of counsel) for appellant.

Wyatt Jacobs of Jacobs, Miller, Rooney & Lederleitner, of Chicago (Joseph B. Lederleitner, and William L. Eifrig, of counsel) for appellees.

PRESIDING JUSTICE KILEY delivered the opinion of the court.

This is an action by an insurance carrier, as subrogee, to recover workmen's compensation, in the amount of $932.50, paid to two employees of Hawthorn-Mellody Farms Dairy, Inc., who were injured in a collision between a truck and a train of defendant railroad. The railroad answered and filed a third-party action against Hawthorn-Mellody and Cuneo for indemnity. The court dismissed the third-party complaint and the railroad has appealed.

The following alleged facts are admitted: The collision in which the employees were injured occurred April 24, 1951, at the intersection of a private road, on a Hawthorn-Mellody farm, and the railroad tracks. At the time there was in existence an agreement between the railroad and Samuel Insull under which Insull undertook to "indemnify, save harmless and defend" the railroad "from . . . suits, actions, legal proceedings, claims, demands, damages . . . in any manner caused by, arising from, incident to, connected with or growing out of . . . use . . . of said crossing. . . ." This undertaking was made binding upon Insull's "successors and assigns" and the third-party defendants are the "lawful successors and assignees" of Insull.

The third-party defendants, Cuneo and Hawthorn-Mellody, moved to dismiss on the grounds that Hawthorn-Mellody "cannot be both plaintiff and defendant in the action" and that the third-party complaint "is contrary to the spirit and meaning of Section 25 of the Civil Practice Act." The judgment of dismissal entered is: "It is . . . ordered . . . that the third party complaint be, and it hereby is dismissed without prejudice, that the third party defendants have judgment for their costs . . . and have execution therefor and that they go hence without day."

The third-party defendants contend the appeal does not meet the requirements of Section 50(2) of the

156

Civil Practice Act [Ill. Rev. Stats. 1957, ch. 110, § 50(2)] and is therefore not final and appealable. That section provides that where multiple parties or claims are "involved in an action" the court may enter final judgment as to one or more but fewer than all the parties or claims" only upon an express finding that there is no just reason for delaying enforcement or appeal." In the absence of "that finding" such a judgment "does not terminate the action, is not enforceable or appealable."

█ ·We think there is no merit in the argument of the railroad that Section 50(2) does not apply because "the third party complaint does not present·multiple claims for relief against multiple parties." The Supreme Court decided in Ariola v. Nigro, 13 Ill.2d 200, that the appeal "must fail" because of "the omission to obtain" the "express finding that there is no just reason for delaying appeal." The court said, at page 207, that the section was aimed at removing the uncertainty which existed when a final judgment was entered on less than "all of the matters of controversy." We think that the Supreme Court expects a liberal construction of the section in order to avoid the evils of piecemeal appeals it was directed against. For this reason we think the third-party action was a matter of controversy within the Supreme Court's interpretation.

█ The First Division of this court recently construed section 50(2) in Oppenheimer Bros., Inc. v. Joyce & Co., 17 Ill.App.2d 408, opinion filed by this court May 14, 1958. The order there was similar to the order before us in that there was no express finding that there was no just reason for delay. However, this court decided the order of the trial court "must have determined that this order was final and that there was no just reason for delaying enforcement or appeal." This is to say that if the terms of the order

157

clearly imply that the order is final and that there is no just reason for delay, the requirements of Section 50(2) are satisfied. The Supreme Court case of Ariola v. Nigro, 13 Ill.2d 200, was distinguished on the ground that in that case it did not appear that execution had been ordered to issue and accordingly did not make clear that the order was final and that there was no just reason for delay.

Thus the Supreme Court dismissed the appeal in the Ariola case because of the omission of the express finding and this court in the Oppenheimer case refused to dismiss the appeal because the terms of the order implied the finding.

The opinion of this court cited language from a concurring opinion by Judge Clark in Republic of Italy v. De Angelis, 206 F.2d 121, 132 (CA 2nd, 1953), who liberally construed Federal Rule 54(b), which our section 50(2) is "patterned after" (Ariola v. Nigro, page 203), to mean that an order is appealable if, though not in the "very words," it is substantially in compliance with the rule and clearly intended to be in compliance. The Federal Rule, like ours, permits piecemeal appeals "only upon an express determination."

Here the third-party action is for a declaratory judgment that Cuneo and Hawthorn-Mellody "shall defend, indemnify and save harmless" the railroad. It was alleged that the railroad had demanded, and had been refused, these benefits. The third-party action also sought recovery of all sums that "may be" adjudged against it in the original suit. With respect to the recovery of the damages that "may be" assessed against it, together with its costs, attorney's fees and expenses, the third-party action depends upon the outcome of the original suit. The railroad if found not guilty would not be entitled to recover damages, and its expenses and attorney's fees would not be cal-

culable until the end of the trial. Thus if we were to entertain this appeal we would be deciding substantial matters which may never need decision. Under these circumstances we think that the trial court could not have expressly found that there was no just reason for delaying enforcement or appeal.

Either way we look at this appeal indicates it should be dismissed. If the "very words" of the statute must be used, they are missing in this order and it is not appealable. If the terms of the order imply the finding, there was an abuse of discretion (Ariola v. Nigro, 13 Ill.2d 200) in allowing the appeal because there is a just cause for delaying the appeal: namely, we are not to anticipate the liability of the railroad by deciding its right to damages at the risk of a subsequent not guilty verdict in its favor; nor to determine the railroad's right to fees and expenses at the risk that later the third-party defendants would question on appeal the amount of the allowance of fees and expenses.

For the reasons given the appeal is dismissed.

Appeal dismissed.

LEWE and MURPHY, JJ., concur.