(No. 34791-34793.—

JOSEPH L. BOHANNON *vs.* JOSEPH T. RYERSON AND SONS, INC., *et al.*—(JOSEPH T. RYERSON AND SONS, INC., Appellant, *vs.* INDUSTRIAL MAINTENANCE, INC., Appellee. —UNIVERSAL FABRICATED PRODUCTS CO., INC., Appellant, *vs.* INDUSTRIAL MAINTENANCE, INC., Appellee.)

*Opinion filed January 23, 1959.*

ALBERT M. HOWARD, JOHN J. SULLIVAN, and GERALD M. CHAPMAN, all of Chicago, (CHARLES D. SNEWIND, of counsel,) for appellants.

ANDREW J. FARRELL, of Chicago, (THOMAS J. WEITHERS, of counsel,) for appellees.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

Joseph T. Ryerson and Son, Inc. (Ryerson) is the owner of a warehouse in Chicago. It entered into a contract with the principal contractor, Universal Fabricated Products Co., Inc., (Universal) for the insulation of the warehouse. Universal entered into a contract with the subcontractor, Industrial Maintenance, Inc., (Industrial) to do the actual work. While the work was in progress, James L. Bohannon, an employee of Industrial, was injured. His medical expenses were paid by Industrial, and he entered into a lump-sum settlement with Industrial

under the Workmen's Compensation Act. Thereafter he commenced an action against Industrial, Ryerson and Universal to recover damages for his injuries. Industrial was dismissed as a defendant on the ground that section 5 of the Workmen's Compensation Act prohibits an action against it by its employee. (Ill. Rev. Stat. 1957, chap. 48, par. 138.5.) The complaint, as finally amended, alleged that Ryerson and Universal negligently used certain steel mesh material in an improper manner, that they negligently designed and constructed the insulation in a dangerous manner, and that the building was altered in violation of certain ordinances of the city of Chicago, and in violation of the Scaffold Act. Ill. Rev. Stat. 1957, chap. 48, pars. 60-69.

Before the case came on for trial, section 25 of the Civil Practice Act was amended to authorize a defendant to file a third party complaint against one "who is or may be liable to him for all or part of the plaintiff's claim against him." (Ill. Rev. Stat. 1957, chap. 110, par. 25.) Thereupon Ryerson filed in the action its third party complaint against Industrial and Universal. It alleged that if the plaintiff was injured as he claimed, his injuries were due to misconduct of Industrial and Universal, and not to any misconduct of Ryerson. It prayed "that if judgment is entered in favor of the plaintiff and against this defendant, this defendant and third party plaintiff be given judgment against the third party defendants, and each of them, in the sum of plaintiff's judgment against this defendant."

Shortly thereafter Universal filed a similar third party complaint, naming Industrial and Ryerson as defendants. It alleged that if the plaintiff was injured his injuries were due to the negligence of Industrial and Ryerson, and it prayed that if any judgment should be entered in favor of the plaintiff and against Universal, a judgment for a like

amount be entered in favor of Universal and against Ryerson and Industrial.

At the close of all of the evidence, and before the case was submitted to the jury, Ryerson and Universal stipulated that each should be dismissed as a defendant from the third party complaint of the other, and an order was entered in accordance with the stipulation.

Industrial moved for a directed verdict in its favor upon each of the third party complaints and those motions were granted. Industrial also moved for directed verdicts in favor of Ryerson and Universal in the principal action, and Ryerson and Universal each made a similar motion on its own behalf. Those motions were denied. The jury returned a verdict finding Ryerson and Universal not guilty in the principal action. That verdict was set aside on the plaintiff's motion for a new trial, and the Appellate Court denied the applications of Ryerson and Universal for leave to appeal from the order granting the new trial.

Ryerson and Universal each also appealed to the Appellate Court from the judgments entered upon the verdicts that had been directed against them with respect to their third party complaints. The Appellate Court affirmed, (*Bohannon* v. *Ryerson,* 16 Ill. App. 2d 402,) and we granted leave to appeal. The cases were consolidated in the Appellate Court and in this court.

The action involves multiple parties and multiple claims for relief. It is therefore governed by section 50(2) of the Civil Practice Act which provides that in such a case "* * * the court may enter a final order, judgment or decree as to one or more but fewer than all the parties or claims only upon an express finding that there is no just reason for delaying enforcement or appeal. In the absence of that finding, any order, judgment or decree which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not termi-

nate the action, is not enforceable or appealable, and is subject to revision at any time before the entry of an order, judgment or decree adjudicating all the claims, rights and liabilities of all the parties." Ill. Rev. Stat. 1957, chap. 110, par. 50.

In this case the trial court was not requested to make, and did not make, any finding that the judgments which it entered upon the verdicts directed in favor of the third party defendants were to be appealable or enforceable in advance of the adjudication of all of the issues in the case. This omission was not called to the attention of the Appellate Court.

After the question of the appealability of the judgments had been raised upon oral argument in this court, the parties requested and were granted leave to file a supplemental record. That record shows that on May 28, 1958, after the judgment of the Appellate Court had become final, an order was entered in the trial court which recited that "the parties have settled their dispute as to the issues herein but there remains a dispute between James L. Bohannon and his employer, Industrial Maintenance, Inc., a corporation, because of a subrogation of said corporation for compensation and medical benefits paid to James L. Bohannon by virtue of the provisions of the Workmen's Compensation Act of the State of Illinois." The order authorized the plaintiff to sign releases of his claims against Universal and Ryerson and directed each of those parties to withhold the sum of $4,500 from the amounts to be paid to the plaintiff, pending the further order of the court with respect to the subrogation claim of Industrial. It further provided that the cause "be dismissed as to the defendants Universal Fabricated Products Company, a corporation, and Joseph T. Ryerson and Son, a corporation, and the matter of the subrogation claim of Industrial Maintenance, Inc., a corporation, will be set for hearing before

this Court upon proper notice being given to said Industrial Maintenance, Inc., a corporation."

We are of the opinion that the judgments that were entered upon the directed verdicts were not appealable in the absence of the certificate required by section 50. By the express terms of that section such a judgment "is not enforceable or appealable, and is subject to revision" at any time before the disposition of all of the claims of all of the parties. (Cf. *Getzelman* v. *Koehler,* 14 Ill.2d 396; *Ariola* v. *Nigro,* 13 Ill.2d 200; *Hanley* v. *Hanley,* 13 Ill.2d 209.) More is here involved than an insistence upon ritualistic compliance with an empty procedural form. Nothing in the record as it now stands shows that the underlying liability of Ryerson and Universal, upon which their third party claims were based, has been established. And Industrial insists that it is not bound by the settlement that Ryerson and Universal made with the plaintiff, either as to liability or the amount of damages.

The case was argued by Ryerson and Universal in this court upon the assumption that the question to be determined is whether or not Industrial can be held secondarily liable to them under the Scaffold Act. But the question of their own original liability under that act was sharply litigated upon the trial. Under the evidence and the instructions, the verdict of the jury in favor of Ryerson and Universal may well have represented the jury's conclusion that the act did not apply. The order setting that verdict aside and granting a new trial revived the question of the applicability of the act, but did not determine it. The plaintiff's allegations of common law negligence and of ordinance violations have not been eliminated from the case. It is therefore impossible to know at this time whether the question that may one day have to be decided will relate to secondary liability at common law, under municipal ordinances, or under the Scaffold Act. Indeed, it is not certain

on this record that any issue remains as to the claims of the third party plaintiffs against the third party defendants. The language of the order that was entered with respect to the settlement suggests that all of the issues in the case were being disposed of with the exception of the subrogation claim of Industrial which was specifically reserved.

By our reference to these unsettled issues we do not, of course, intend to express any view as to how they should be resolved. We mention them only to show that the record does not present a case that is ripe for decision in this court. Cf. *David v. District of Columbia*, (C.C. D.C., 1950) 187 F.2d 204; *Gartner v. Lombard Bros.* (3rd Cir., 1952) 197 F.2d 53; *Henry Fuel Co. v. Whitebread*, (C.C. D.C., 1956) 236 F.2d 742.

The judgment of the Appellate Court must therefore be vacated for want of an appealable order, and the cause must be remanded to the superior court of Cook County for further proceedings.

*Judgment of Appellate Court vacated; cause remanded.*