(No. 35184.—)

RUTH PETERSON, Appellee, *vs.* RITA GWIN, Appellant.

*Opinion filed September 24, 1959.*

KARL A. KOCH, of Woodstock, for appellant.

ECKERT, CALDWELL & GLEASON, of Woodstock, for appellee.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

By the original complaint in this case the plaintiff, Ruth Peterson, sought to eject the defendant, Rita Gwin, from certain property in McHenry County. An amendment to

the complaint added a claim for funds alleged to have been misappropriated from the joint bank account of the parties. Defendant's answer alleged that under a trust agreement between the parties she was entitled to the beneficial ownership of an undivided one-half interest in the property. Defendant also filed a counterclaim, count 2 of which charged that the plaintiff held certain other property as trustee for the defendant under a constructive trust. This counterclaim was twice amended. The defendant appeals from orders which dismissed count 2 of the second amended counterclaim for failure to state a cause of action and denied the defendant's application for leave to file a third amended counterclaim.

The plaintiff contends that this appeal is premature and the contention is correct. It is a basic tenet of our procedural system that only final judgments, decrees or orders are appealable. (Ill. Rev. Stat. 1957, chap. 110, par. 77.) The statutory exceptions by which certain specified interlocutory orders may be reviewed are not here pertinent. (Ill. Rev. Stat. 1957, chap. 110, par. 78.) Even if the order denying leave to file a further pleading should be regarded as importing finality to the order dismissing count 2 of the counterclaim, there are multiple claims for relief in this action and obviously all of them are not disposed of by the orders sought to be reviewed. In this situation a final order disposing of less than all of the claims is reviewable "only upon an express finding that there is no just reason for delaying enforcement or appeal." (Ill. Rev. Stat. 1957, chap. 110, par. 50(2); *Bohannon* v. *Ryerson and Sons, Inc.* 15 Ill.2d 470; *Ariola* v. *Nigro,* 13 Ill.2d 200.) There is no such finding by the trial court in this record.

*Appeal dismissed.*