Gib Henson, Plaintiff-Appellee, v. Charles A. Renshaw
and Ruel W. Parks, Defendants-Appellants.

Gen. No. 60–F–7.

Fourth District.

April 1, 1960.

Released for publication April 18, 1960.

Winters, Powless and Morgan, and James W. Sanders, all of Marion, and Melvin F. Wingersky, of Vienna (Melvin F. Wingersky, of counsel) for defendants-appellants.

Robert L. Butler, of Marion, for plaintiff-appellee.

JUSTICE HOFFMAN delivered the opinion of the court.

Plaintiff Henson brought an action to recover certain monies from the defendants for the use and benefit of the United Mine Worker's Welfare and Retirement Fund. Both defendants counterclaimed against

plaintiff for unpaid back wages. The case went to trial, and the jury rendered verdicts in favor of plaintiff on his complaint and in favor of each defendant on his counterclaim.

Judgments were entered on the verdicts. Thereafter, the defendants filed their post-trial motions praying for judgment notwithstanding the verdict, and the plaintiff filed his motion praying for judgment notwithstanding the verdict or, in the alternative, for a new trial. The court, upon hearing these several motions, entered the following written order: "This cause coming on to be heard on the several post-trial motions filed by both plaintiff and defendants herein be, and it is hereby ordered that all post trial motions be, and hereby are, overruled except the motion of the plaintiff for a new trial which is granted herein."

The defendants have taken this appeal to reverse the order denying their motion for judgment notwithstanding. No petition for leave to appeal from the order granting plaintiff's motion for a new trial has been filed, and the defendants state, in their reply brief, that that ruling "is not now before this court."

This action involves multiple parties and multiple claims for relief and, consequently, is governed by Section 50(2) of the Civil Practice Act, [Ill Rev Stats 1959, c 110, § 50, subd 2]. Bohannon v. Joseph T. Ryerson and Sons, Inc., 15 Ill.2d 470, 155 N.E.2d 585. That section provides that in such case, ". . . the court may enter a final order, judgment or decree as to one or more but fewer than all of the parties or claims only upon an express finding that there is no just reason for delaying enforcement or appeal. In the absence of that finding, any order, judgment or decree which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not terminate the action, is not enforceable or appealable, and

is subject to revision at any time before the entry of an order, judgment or decree adjudicating all the claims, rights and liabilities of all the parties." Ill. Rev. Stat., 1959, Chap. 110, par. 50(2).

The record is clear that the trial court was not requested to make, and did not make, any finding that there was no just reason for delaying the enforcement or appeal of the order denying defendants' motions for judgment notwithstanding. The order granting plaintiff's motion for a new trial leaves an unresolved issue remaining in the trial court. Thus, there resulted, in the trial court, a final determination of fewer than all the rights and liabilities at issue and the mandate of Sec. 50(2) applies. Ariola v. Nigro, 13 Ill.2d 200, 207, 148 N.E.2d 787; Peterson v. Gwin, 17 Ill.2d 261, 161 N.E.2d 123.

We therefore must dismiss this appeal for want of an appealable order.

Appeal dismissed.

SCHEINEMAN, P. J. and CULBERTSON, J., concur.