Edmund Brenner and Ellie Brenner, Plaintiffs-Appel-
lees, v. Edwin Neu, Clara Neu, Adolph Hoffman,
Ida Klohr, August Klohr, Cora M. Petri, Florine
Dungey, Individually and as Executor of the Es-
tate of J. Willard Dungey, Deceased, Defendants.
(Defendant Adolph Hoffman Being the Only Ap-
pellant.)

Gen. No. 60-F-25.

Fourth District.

May 31, 1960.

Rehearing denied June 28, 1960.

Johnson, Johnson, Ducey, and Dixon, and W. E.
Ackermann, all of Belleville (Alan J. Dixon, of coun-
sel) for appellant.

Farthing and Farthing, of Belleville, for appellee.

HOFFMAN, JUSTICE.

The plaintiffs, Edmund Brenner and Ellie Brenner,
husband and wife, filed a mortgage foreclosure com-
plaint in one count against the defendants Edwin Neu,
Clara Neu, Adolph Hoffman, Ida Klohr, August Klohr,
Cora M. Petri and Florine Dungey, individually and

as Executor of the Estate of J. Willard Dungey, Deceased. Subsequently, by leave of court, plaintiffs filed two additional counts: Count II being an action at law against the Neus for damages on a note; and, Count III being an action at law against defendants Cora M. Petri and Florine Dungey, individually and as executor of the estate of J. Willard Dungey, deceased, for damages based on fraud.

The actions at law under Counts II and III were severed from Count I and the cause proceeded to hearing and decree under Count I. Appellant states in his brief that "the actions under Counts II and III are still pending."

In his notice of appeal, appellant states that he appeals from "the mortgage foreclosure decree of the Circuit Court of St. Clair County, dated August 14, 1959, and filed August 24, 1959, and from the order of court entered October 7, 1959, overruling motion for rehearing and retrial, or in the alternative, modification of the decree or vacation of the decree."

The mortgage foreclosure decree was in the usual form, the last paragraph of which was as follows: "The court reserves jurisdiction of this cause for the purpose of determining matters in this decree not hereby adjudged and disposed of, and for the purpose of disposing of all matters relating to a receivership that may be necessary to create of the mortgaged real estate."

The order of October 7, 1959, in toto, was as follows: "Motion for rehearing and retrial or in the alternative modification of the decree or vacation of the decree heard by the court and overruled. Appeal bond set in the sum of $9,500.00, to be approved by the clerk of the court."

This action involves multiple parties and multiple claims for relief, and consequently, is governed by Section 50(2) of the Civil Practice Act. Bohannon v.

Joseph T. Ryerson and Sons, Inc., 15 Ill.2d 470, 155 N.E.2d 585. That section provides that in such case, ". . . the court may enter a final order, judgment or decree as to one or more but fewer than all of the parties or claims only upon an express finding that there is no just reason for delaying enforcement or appeal. In the absence of that finding, an order, judgment or decree which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not terminate the action, is not enforceable or appealable, and is subject to revision at any time before the entry of an order, judgment or decree adjudicating all the claims, rights and liabilities of all the parties." Ill. Rev. Stat., 1959, chap. 110, par. 50(2).

As in Henson v. Renshaw, 25 Ill.App.2d 178, 166 N.E.2d 166, decided by us at this term of court, the record is clear here that the trial court was not requested to make, and did not make, any finding in either the mortgage foreclosure decree or the subsequent order of October 7 that there was no just reason for delaying the enforcement or appeal of the decree. There remains unresolved issues in the trial court and, as we said in Henson, "there resulted, in the trial court, a final determination of fewer than all the rights and liabilities at issue and the mandate of Sec. 50(2) applies." Ariola v. Nigro, 13 Ill.2d 200, 207, 148 N.E. 2d 787; Peterson v. Gwin, 17 Ill.2d 261, 161 N.E.2d 123.

Although our disposition is the same, there is a distinction between this case and Veach v. Great Atlantic & Pacific Tea Co., 22 Ill.App.2d 179, 159 N.E.2d 833, decided at the May, 1959, term of this court. In Veach there were multiple counts, but neither multiple parties nor claims and it was attempted to confer jurisdiction upon us by stating the one claim in two different ways, and then inserting the wording of the

statute that "there is no just reason for delaying enforcement or appeal." Further, in Veach, the ruling of the trial court was interlocutory and did not dispose of the single claim involved. In the instant case there are multiple parties and multiple claims. The order appealed from is not interlocutory, as in Veach, but is not a complete disposition of all the claims involved. The magic words required by Sec. 50(2) are not sufficient in Veach; in the instant case they would be sufficient, but, unfortunately, are missing.

We, therefore, must dismiss this appeal for want of an appealable order.

Appeal dismissed.

SCHEINEMAN, P. J. and CULBERTSON, J., concur.