James Cannon, a Minor, by Irene Cannon, His Mother and Next Friend, Plaintiff-Appellant, v. David Thompson and General Telephone Company of Illinois, Defendants-Appellees.

Gen. No. 60–M–2.

Fourth District.

October 31, 1960.

Rehearing denied November 26, 1960.

Ralph W. Harris and Melvin F. Wingersky, of Marion, for appellant.

Franklin, Garrison & Bleyer, of Marion, for appellee.

HOFFMAN, JUSTICE.

The plaintiff brought this action originally against the defendant, David Thompson, to recover damages for personal injuries received in an automobile accident. Subsequently, plaintiff, by leave made General Telephone Company an additional defendant, and filed an amendment to his complaint, which said amendment added Count II and claimed damages for injuries arising out of the same accident against the new defendant, General Telephone Company.

Thereafter, defendant Thompson moved for a summary judgment. This motion was allowed and the court entered the following order: "It is therefore the judgment of the Court that the plaintiff James Cannon, a minor, by Irene Cannon, his mother and next friend, take nothing by his suit and that the defendant David Thompson go hence without day and have his costs in this cause sustained, and that execution issue therefor."

Four days after this order was entered, defendant General Telephone Company filed its motion to dismiss Count II of the complaint. No further orders appear of record. Plaintiff states in his brief that he brings here for review the summary judgment entered below.

Obviously, this action involves multiple parties, and consequently, the right to take this appeal is governed by Section 50(2) of the Civil Practice Act (Ill. Rev. Stat., 1959, chap. 110, par. 50(2)). Bohannon v. Joseph T. Ryerson and Sons, Inc., 15 Ill.2d 470, 155 N.E.2d 585. That section provides that in such case, ". . . . the court may enter a final order, judgment or

decree as to one or more but fewer than all of the parties or claims only upon an express finding that there is no just reason for delaying enforcement of appeal. In the absence of that finding, any order, judgment or decree which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not terminate the action, is not enforceable or appealable, and is subject to revision at any time before the entry of an order, judgment or decree adjudicating all the claims, rights and liabilities of all the parties." Ill. Rev. Stat., 1959, chap. 110, par. 50(2).

As in Henson v. Renshaw, 25 Ill.App.2d 178, 166 N.E.2d 166, and Brenner v. Neu, 26 Ill.App.2d 319, 168 N.E.2d 449, decided at the previous term of this court, the record is clear here that the trial court was not requested to make, and did not make, any finding that there was no just reason for delaying the enforcement or appeal of the decree. Such a finding is not merely "an insistence upon ritualistic compliance with an empty procedural form." Bohannon v. Joseph T. Ryerson and Sons, Inc., supra, on page 475 of 15 Ill.2d, on page 587 of 155 N.E.2d. There remains the unresolved claim of plaintiff against defendant General Telephone Company, set forth in Count II of the amended complaint. Thus, the mandate of Sec. 50(2) applies.

Though it has been held that a final decree is appealable even though the magic words prescribed by Sec. 50(2) are omitted (Oppenheimer Bros., Inc. v. Joyce & Co., 17 Ill.App.2d 408, 150 N.E.2d 381); and though the decree here admits of a finality against the defendant Thompson which is beyond dispute; we adhere to the position we took in Henson and Brenner. The contrary position would not only nullify the statute, which is clear and unmistakable, but would be opposed to every decision of the Supreme Court on this ques-

71

tion. See, for example, Ariola v. Nigro, 13 Ill.2d 200, 148 N.E.2d 787 and Peterson v. Gwin, 17 Ill.2d 261, 161 N.E.2d 123. Moreover, not to apply Sec. 50(2) literally and to hold that in certain cases appeals would lie, even though the magic words were missing, would raise doubt as to the appealability of those orders in cases involving multiple parties or claims where the required words were not included. The trial lawyer would not know whether he could appeal or not. Although failure to appeal might not result in a subsequent dismissal for lateness (Biagi v. O'Connor, 18 Ill.2d 238, 163 N.E.2d 461), Sec. 50(2), which was intended to eliminate uncertainty by preventing piecemeal appeals, would not serve its purpose and would create uncertainty in the right to appeal.

Appeal dismissed.

CULBERTSON, P. J. and SCHEINEMAN, J., concur.