James Cannon, a Minor, by Irene Cannon, His Mother
and Next Friend, Plaintiff-Appellant, v. David
Thompson and General Telephone Company of Il-
linois, Defendants-Appellees.

Gen. No. 61–M–10.

Fourth District.
December 29, 1961.

Ralph W. Harris, and Melvin F. Wingersky, of Marion, for appellant.

Franklin, Garrison & Bleyer, of Marion, for appellee.

CULBERTSON, J.

This cause is now before us after a previous opinion (Cannon v. Thompson, 28 Ill App2d 69, 170 NE2d 174), in which we determined that the appeal should be dismissed since there remained the unresolved claim of plaintiff as against a remaining defendant, under the provisions of Section 50(2) of the Civil Practice Act (1959 Illinois Revised Statutes, Chapter 1, Paragraph 50(2)). As we indicated in the previous opinion, this action was brought originally against defendant, David Thompson, by plaintiff, to recover damages for personal injuries received in an automobile accident. The Briefs heretofore submitted are being considered in disposing of the issue posed by the entry of Summary Judgment in favor of defendant Thompson, pursuant to his motion.

The record discloses that the plaintiff's complaint is filed under the provisions of the Guest Statute of this State (1959 Illinois Revised Statutes, Chapter 95½, Section 9–201). The complaint alleges that

plaintiff was riding as a guest passenger in an automobile being driven by defendant, and that a collision occurred and plaintiff was injured. It is specifically alleged that the collision and injuries were proximately caused by one or more willful and wanton acts or omissions to·act on part of defendant, and that plaintiff was not guilty of any such willful or wanton misconduct contributing to cause his injuries. Defendants' answer denied the willful and wanton acts, and denied the allegation that plaintiff was not guilty of any such willful or wanton acts. Sworn testimony of both plaintiff and defendant was given on discovery depositions, and thereafter, under the provisions of Section 57 of the Practice Act (1959 Illinois Revised Statutes, Chapter 110, § 57), defendant filed a motion for Summary Judgment stating that, as shown by the depositions, defendant was not guilty of any willful or wanton act or omission to act, or in the alternative, that if defendant was guilty of any such misconduct that plaintiff was also guilty of such misconduct as to preclude his recovery. This was based principally on evidence showing that both plaintiff and defendant, who were minors, went to a tavern and drank several bottles of beer, and that at the time of the collision plaintiff was in the right front seat next to defendant who was driving the car. Defendant testified that the windshield was foggy and he was wiping the windshield with a rag which he had in his left hand, when the car went off the right-hand side of the road and ran into a telephone pole. He did not see the post before he hit it. He was driving with his dim lights on. It was pointed out by plaintiff that beer drinking alone was not evidence of contributory negligence in a case of this type, and is distinguishable from dram shop cases. The Circuit Court entered the Summary Judgment for defendant.

Plaintiff on appeal in this case contends that the granting of Summary Judgment on motion was er-

roneous since it was granted solely on pretrial discovery depositions of plaintiff and defendant respectively. It is further pointed out that the purpose of Summary Judgment procedure is to determine if there are genuine issues of fact, and that defendant's position is not free from doubt. It is also contended that the allowance of Summary Judgment impairs plaintiff's Constitutional right of trial by jury, and that the Court has allowed the motion without observing witnesses for either side or evidence of the facts and circumstances surrounding the occurrence in question.

It is recognized by both parties that the primary function of Summary Judgment procedure is to ascertain whether there is a genuine issue as to any material fact (Craig v. Launer, 346 Ill App 234, 104 NE2d 830), and if there is no such issue, Summary Judgment could be granted (Continental Illinois Nat. Bank & Trust Co. v. Cardwell, 287 Ill App 227, 4 NE2d 770). Defendant points out in this case that plaintiff could have filed affidavits showing he has a good claim for proper submission to the jury (Killian v. Welfare Engineering Co., 328 Ill App 375, 66 NE2d 305; Great Atlantic & Pacific Tea Co. v. Town of Bremen, 327 Ill App 393, 64 NE2d 220). It is also pointed out that under the statute pretrial depositions may be used as admissions by the party in the same manner and to the same extent as other admissions (Meier v. Pocius, 17 Ill App2d 332, 150 NE2d 215; Allen v. Meyer, 14 Ill2d 284, 152 NE2d 576).

We cannot sanction entry of Summary Judgment in a personal injury case of the type involved under evidence such as we have before us in this case. While the pleadings in and of themselves would not stand as against affidavits and matters of record which would clearly show that there is no controverted issue of fact, the question before us in the instant case is the behavior of plaintiff and of defendant

236

Thompson in connection with the occurrence, and whether that behavior constitutes willful and wanton misconduct, or such omission to act as to support liability or prevent recovery. Presumably, there could be other evidence and surrounding circumstances which, together with the demeanor of the witnesses, might be required to be weighed or evaluated in determining the facts. It is possible that a directed verdict would eventually result.

■ As indicated in the case of Kamholtz v. Stepp, 31 Ill App2d 357, 176 NE2d 388, the defendant's argument that the plaintiff was guilty of the same degree or kind of misconduct as defendant, namely, contributory willful and wanton misconduct, and could not recover as a matter of law from admitted facts such as failure to observe the stop signs or warning signs, or failure to warn defendant, would not justify Summary Judgment since under some circumstances the highest degree of caution in a particular case might consist of inaction by the passenger, unless the passenger sees or should have been an obvious danger which the driver might not see. Considering all the circumstances in this case and paraphrasing the Kamholtz v. Stepp decision, whether or not defendant was entitled to recover still remained clearly a fact question so far as indicated by the record, and was not free from doubt and determinable solely as a question of law. If a controversial issue of fact exists, then Summary Judgment should not be entered. If the record is made at a stage in the proceeding, such as in the case before us, where only pretrial depositions which may or may not be complete as to material facts, are the sole supporting evidentiary materials submitted, and if there appears to be a controverted issue or issues of fact, then no sound basis exists for allowing Summary Judgment in a personal injury case such as we now have before us.

237

We, therefore, find that the order of the Circuit Court of Williamson County was improper and should be reversed, and that this cause should be remanded to such Court for further proceedings consistent with this opinion.

Reversed and remanded.

HOFFMAN, P. J. and SCHEINEMAN, J., concur.