**T. Gaillard Knappenberger, Jr., as Administrator of the Estate of Cecil B. Henderson, Deceased, Plaintiff-Appellant, v. Henry Gordon, et al., Conservator of the Estate of Barney Bartell, Incompetent, Charles Gordon, et al., Defendants. Henry Gordon, et al., Defendants-Appellees.**

Gen. No. 10,540.

Fourth District.

December 17, 1964.

 

Webber, Balbach & Thies, of Urbana, for appellant.

Hayes & Moore, of Champaign, for appellees.

SMITH, J.

Plaintiff administrator filed suit against eight defendants to recover damages under the Illinois Dram Shop Act for loss of support to the widow and children of the decedent. Two defendants leave the scene by way of dismissal—five defendants contested the action and one was defaulted. The jury returned a verdict finding in favor of five defendants and assessed damages against the defaulted defendant in the sum of "none dollars." The verdict was accepted as to the five defendants and the jury returned to the jury room to reconsider their verdict as to the defaulted defendant. They returned their verdict against such defendant in the sum of $1,000. Judgments were entered on the verdicts.

Plaintiff's post-trial motion against the five defendants for a judgment non obstante veredicto or, in the alternative, for a new trial was denied and they prosecute this appeal alone. As against the defaulted defendant, the verdict was set aside and a new trial ordered. Thus, the case against the five defendants is in this Court on appeal, and the case against the defaulted defendant is still pending in the trial court. Under such circumstances, we are without jurisdiction.

CPA 50(2) provides that where there are multiple parties a final judgment against "one or more but fewer than all of the parties" is appealable only upon an express finding by the trial court that "there is no just reason for delaying—appeal." Ill Rev Stats c 110, § 50(2). The record is barren of any such finding in this case. In its absence the cause of action is not terminated in that court and is not appealable. The statute not only discourages but prevents piecemeal appeals in the absence of an appropriate trial court finding. Vogel v. Mellish, 37 Ill App2d 471, 185 NE2d 724; Barrow v. Robinson, 28 Ill App2d 358, 171 NE2d 663; In re Hawthorne-Mellody Farms Dairy, Inc., 18 Ill App2d 154, 151 NE2d 393.

Since we may not review that which the statute prohibits, this appeal must be, and it is, hereby dismissed.

Appeal dismissed.

CROW, P. J. and SPIVEY, J., concur.