Harold Wright, Plaintiff-Appellant, v. Massey-Harris, Incorporated and Massey-Ferguson, Incorporated, Defendants-Appellees.

Gen. No. 64–106.

Fifth District.

June 3, 1965.

Hanagan & Dousman, of Mt. Vernon, for appellant.

John E. Jacobsen, Craig & Craig, for appellees.

EBERSPACHER, P. J.

Plaintiff filed his complaint in three counts: Count I alleged negligence in design and manufacture; Count II alleged negligent failure of defendant to give proper and adequate warning to the plaintiff of the danger of certain manual operations; and Count III alleged breach of warranty. Defendant moved to dismiss the

complaint and each count thereof. Plaintiff consented to the dismissal of Count III and appeals from that part of the order dismissing Count I, which read in part as follows:

> "It is further ordered that Counts I and III of plaintiff's Complaint be and they are hereby dismissed and the defendant Massey-Ferguson, Inc., is ordered to go hence without day as to Counts I and III of plaintiff's Complaint and to recover its costs herein and it is further ordered that the defendant's Motion to Dismiss Count II of the Complaint is denied."

Count II is still pending, and the order which disposed of fewer than all the claims is not appealable without "an express finding that there is no just reason for delaying enforcement or appeal," Ill Rev Stats c 110 § 50(2). There is no such finding in the case before us.

Defendant has filed its motion to dismiss the appeal, which motion we have taken with the case. Plaintiff's objection to the motion urges that his theory of the case will rise or fall on whether Count I states a cause of action, and that pursuant to the provision of the Civil Practice Act, Sec 92(1)(e), which gives this Court authority to "Give any judgment and make any order which ought to have been given or made" etc., this Court should amend the order of the trial court to include an express finding that there is no just reason for delaying appeal, providing this Court finds Count I stated a cause of action.

■ Similar contentions were made in Ariola v. Nigro, 13 Ill2d 200, 148 NE2d 787. In that case there is a discussion of the application of Section 50(2); what was said in the opinion there has application in this appeal, and we adhere to the principles and rul-

138

ings there laid down and adopt what was said as the reasoning in this opinion. See also, Hanley v. Hanley, 13 Ill2d 209, 148 NE2d 792; Bieschke v. Schwitzenberg, 21 Ill App2d 575, 159 NE2d 6; Marinelli v. Tri-Bilt Construction, Inc., 39 Ill App2d 148, 187 NE2d 537; Rubinson v. Pancoe, 54 Ill App2d 224, 203 NE2d 767; Knappenberger v. Gordon, 53 Ill App2d 488, 203 NE2d 172; and the appeal must be and it is, hereby dismissed.

██ If the subject matter of this appeal were to be properly presented for review by this Court at a later date, the abstracts and briefs now on file could be employed in that appeal without reprint. Appeal dismissed.

MORAN and GOLDENHERSH, JJ., concur.