In the Matter of the Petition of Eulos R. Morehead and Rose Morehead, His Wife, To Adopt Baby Girl, Valentine.

James Valentine, Petitioner-Appellant, v. Eulos R. Morehead, Rose Morehead, Edward J. McGinnis, Guardian Ad Litem, Respondents-Appellees.

Gen. No. 50,531.

First District, Fourth Division.

November 19, 1965.

Stewart D. Spitzer and Jesse Brown, of Chicago, for appellant.

Edward F. Vyzral and Herman R. Tavins, of Chicago, for appellees, Eulos R. Morehead and Rose Morehead.

MR. PRESIDING JUSTICE McCORMICK delivered the opinion of the court.

In an adoption proceeding, an appeal was taken by James Valentine from an order finding him unfit as a father, terminating his rights as a parent, enjoining him from interfering with the custody of the child, and re-affirming a prior interim order which had awarded temporary custody of the child to Mr. and Mrs. E. R. Morehead.

The facts were that on September 19, 1964, Barbara Valentine gave birth to a baby girl. Mr. and Mrs. E. R. Morehead, appellees, filed a verified petition on September 22, 1964, to adopt the baby, and made the usual recitations, including an allegation that Barbara Valentine was the sole surviving parent of the child. Barbara Valentine consented to the proposed adoption. An amended petition to adopt the child was filed on March 5, 1965, by the Moreheads in which they further alleged that James Valentine claimed to be the father of the child; that he had abandoned the mother and the child; and that he was unfit to have custody of the child. It was further stated on information and belief that he was not the father of the child.

By leave of the court James Valentine filed a verified petition on March 5, 1965, in which he alleged that he had married Barbara on December 10, 1963; that she left him while she was pregnant on or about January 19, 1964; that Barbara Valentine had filed divorce proceedings on June 17, 1964; that he was subsequently informed that a child had been born of the marriage; that he was denied information of the child's whereabouts; that on or about December 1, 1964, he was informed of the adoption proceedings, and that he had not been served with summons nor had he consented to the adop-

tion. He prayed for a vacation of the order granting custody to the Moreheads and for an order giving him custody of the child. (The record does not indicate whether or not the divorce suit proceeded to a decree.)

After a hearing the Circuit Court entered an order on March 24, 1965, finding James Valentine unfit as a parent, and reaffirmed an order entered on September 23, 1964, which had awarded temporary custody of the child to the Moreheads.*

---

* The order of March 24, 1965, provided in part as follows:

"This cause coming on to be heard on the Amended Petition of EULOS R. MOREHEAD and ROSE M. MOREHEAD, his wife, to adopt BABY GIRL VALENTINE; the Petition of JAMES VALENTINE and ANSWERS; thereto; and the Court having heard the testimony of the parties in open Court, all parties hereto being represented by counsel; the Court having observed the demeanor of the witnesses; and the Court being fully advised in the premises,

DOES FIND:

1. That BABY GIRL VALENTINE was born on September 19, 1964.
2. That JAMES VALENTINE is the father of BABY GIRL VALENTINE.
3. That JAMES VALENTINE, having filed a Petition herein, has submitted himself to the jurisdiction of this Court.
4. That JAMES VALENTINE is found to be unfit to have the parental right of care, custody, control and education of BABY GIRL VALENTINE.

IT IS THEREFORE, ORDERED, ADJUDGED AND DE-CREED,

a. That leave is granted to JAMES VALENTINE to file his Petition herein.

b. That leave is granted to EULOS R. MOREHEAD and ROSE M. MOREHEAD, to file their Amended Petition.

c. That the temporary Order heretofore entered herein granting EULOS R. MOREHEAD, and ROSE M. MOREHEAD the temporary custody of BABY GIRL VALENTINE, pending a final Decree, is hereby re-affirmed and shall stand.

d. That JAMES VALENTINE is hereby enjoined from bothering or interfering with the privacy of EULOS R. MOREHEAD,

471

The statute governing adoption of children (Ill Rev Stats 1963, c 4) provides that parental consents shall be required in all cases, unless the person whose consent would otherwise be required shall be found by the court to be an unfit person (§ 9.1–8). The statute further provides that as soon as practicable after the filing of a petition for adoption the court shall hold a hearing to determine the validity of the parental consent and to determine whether there is available suitable temporary custodial care for the child sought to be adopted; after such investigation as the court deems necessary, the court upon satisfactory proof may terminate the parental rights of the parents and declare the child to be a ward of the court, and vest the temporary care, custody and control of the child in the petitioners (§ 9.1–13). Six months thereafter the petitioners may apply to the court for a decree of adoption; if after a hearing the court is satisfied that the adoption is for the welfare of the child, and that there is a valid consent, the court will thereupon enter a decree for the adoption of the child (§ 9.1–14). Finally, the statute provides that the Civil Practice Act shall apply to all adoption proceedings except as otherwise specifically provided, and that an appeal from a decree of adoption or other appealable order or judgment may be taken by any party thereto (§ 9.1–20).

Section 50(2) of the Civil Practice Act (Ill Rev Stats 1963, c 110, § 50(2)) provides:

> "If multiple parties or multiple claims for relief are involved in an action, the court may enter a final order, judgment or decree as to one or more but fewer than all of the parties or claims only upon an express finding that there is no just reason for

ROSE M. MOREHEAD or BABY GIRL VALENTINE, and if any contact or interference with the peace of said EULOS R. MOREHEAD, ROSE M. MOREHEAD or BABY GIRL VALENTINE is brought to the attention of the Court, the said JAMES VALENTINE will be summarily charged with contempt of Court."

delaying enforcement or appeal. In the absence of that finding, any order, judgment or decree which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not terminate the action, is not enforceable or appealable, and is subject to revision at any time before the entry of an order, judgment or decree adjudicating all the claims, rights and liabilities of all the parties."

Under the interpretation of that section (Ariola v. Nigro, 13 Ill2d 200, 148 NE2d 787; Hanley v. Hanley, 13 Ill2d 209, 148 NE2d 792; Hawthorn-Mellody Farms Dairy, Inc., for use of Lumbermens Mut. Cas. Co. v. Elgin, J. & E. Ry. Co., 18 Ill App2d 154, 151 NE2d 393; Brenner v. Neu, 26 Ill App2d 319, 168 NE2d 449; and Cannon v. Thompson, 28 Ill App2d 69, 170 NE2d 174), the March 24, 1965 order is not a final and appealable order of the court; nor does that order have the character of a final judgment order, and therefore it is outside the scope of this court's authority. Harris Trust & Savings Bank v. Briskin Mfg. Co., 63 Ill App2d 12, 211 NE2d 32. Since the order entered on March 24, 1965, was not a decree of adoption, nor a final order, and since that court, at any time after entering the order until the final decree of adoption was entered, could have modified or changed such order, this court on its own motion dismisses the appeal.

However, it is provided that if the decree of adoption is entered and if James Valentine desires to take an appeal therefrom, this court will consider the briefs, abstract and record filed in the instant case so far as they are applicable, together with such supplementary briefs, records and abstracts as he may deem necessary to file at that time.

Appeal dismissed.

Dismissed.

DRUCKER and ENGLISH, JJ., concur.