REBECCA BARNES, Conservator of the Estate of JESSIE BARNES, Incompetent, Plaintiff-Appellant, *v.* EDWARD WASHINGTON, d/b/a BEA & ED's TAVERN *et al.*, Defendants—(ILLINOIS CENTRAL RAILROAD COMPANY, a Corporation, Defendant-Appellee.)

(No. 53245;

First District—February 24, 1972.

*Rehearing denied April 6, 1972.*

Heller & Morris and Jerome H. Torshen, LTD., both of Chicago for appellant.

Lawrence Lawless, Thomas J. Healey, and Patrick F. Healy, Jr., all of Chicago, for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Jessie Barnes, an incompetent, by his conservator, appeals from a summary judgment entered in the Circuit Court in favor of defendant, Illinois Central Railroad Company. The conservator filed a dram shop action against certain defenders for personal injuries sustained by the incompetent. The complaint alleged that Barnes (hereinafter called plaintiff) had been mentally incompetent since birth, and that, while chronologically 43 years of age, he had the mentality of a four year-old. In 1962 the conservator filed an amended complaint adding an additional count and the Wabash Railroad Company as an additional party. By virtue of its affidavit that certain railroad tracks were owned by the Illinois Central, Wabash subsequently was dismissed from the suit. In 1967 leave was granted the conservator to file an amendment to the amended complaint adding Illinois Central as a party.

The amended complaint alleged that plaintiff was abandoned by other defendants in the vicinity of 65th and Dorchester in the City of Chicago; that the Illinois Central Railroad tracks were adjacent thereto; that the Illinois Central negligently allowed its fence along the right-of-way at that location to fall into disrepair; and that there was a break in the fence allowing children and others to easily gain access to the tracks. The complaint further charged that the Illinois Central knew that children and other trespassers frequently climbed the embankment and went on the tracks. The complaint went on to allege that on the evening in ques-

tion plaintiff climbed the embankment and gained access to a standing freight car where he suffered exposure to the cold. Three days later plaintiff, unable to account for any of his activities, was found in a railroad shanty in Decatur, Illinois. As a result, he sustained frostbite requiring amputation of both legs below the knees and parts of both hands.

Illinois Central did not file an answer, but instead filed a motion for summary judgment asserting that it had no duty to fence the tracks, that it owed no duty to plaintiff and that there was no showing that plaintiff entered upon its tracks or boarded one of its trains. In an accompanying affidavit made by one of its attorneys, Illinois Central stated that plaintiff could not have boarded one of its freight cars since there was no reason for one to have stopped or slowed down at the station.

Counter-affidavits were filed on behalf of plaintiff, stating that he had been let out of an automobile adjacent to an embankment on defendant's right-of-way, and that the fence in question had been pulled aside at that location to enable the Illinois Central to haul material on its tracks. Affidavits of Illinois Central employees were also filed, stating that they had seen children and adults coming through the break in the fence and onto the tracks at that location. Additionally, plaintiff supplied a report made by Paul Stokesberry, director of a scientific research testing service. Stokesberry had made an analysis of the clothing worn by plaintiff at the time he was found in Decatur. After reciting the chemical properties found on the clothing, Stokesberry gave the opinion that the clothing had been in contact with a railroad car. After examining the affidavits and counter-affidavits, answers to interrogatories, briefs, and having heard oral argument, the trial court allowed Illinois Central's motion for summary judgment.

In *Dickeson v. Baltimore and Ohio Chicago Terminal R.R. Co.*, 42 Ill.2d 103, 245 N.E.2d 762, the court imposed upon a railroad a duty to fence its right-of-way to protect children from the dangers of hazardous conditions on the railroad right-of-way because of the immature appreciation of children of such dangers and hazards. In the instant case, however, we are required to determine whether the same duty owed to a child under similar circumstances must be granted to an adult incompetent possessed of the mentality of a four year old.

■■ While no case addressing itself to that issue has been called to our attention, we believe that logic requires us to hold that under such circumstances a mentally incompetent adult should be afforded the same protection as a child of tender years. In *Kahn v. James Burton Company*, 5 Ill.2d 614, 126 N.E.2d 836, the court held that where young children frequent a defective structure or dangerous agency existing

on the land, there is a duty upon the owner or party in possession or control of the premises to protect the children from injury. The court emphasized that the rationale for imposing such a duty on owner and such protection to children was *"because they, by reason of their immaturity, are incapable of appreciating the risk involved."* [Emphasis added.] In *Harris v. Indiana General Service Co.*, 206 Ind. 351, 189 N.E. 410, an 18 year old with the mentality of a six year old was injured by electricity from high tension wires belonging to defendant. In extending the protection of its "attractive nuisance" doctrine to plaintiff, the Indiana court stated at page 413:

"Appellant, while 18 years of age, on account of being rendered deaf and mute, had the mental development of a child not more than 6 years of age. He was in fact a child, without judgment or discretion, and as such should be held to that degree of care as children of his mental capacity and judgment are reasonably chargeable."

■■ In the case at bar, plaintiff, although an adult in terms of chronology, was alleged to be in fact a child, without judgment or direction. As in the *Kahn* case, *supra*, it is plaintiff's lack of maturity and inability to appreciate the dangers involved which needs to be protected. We therefore hold that the Illinois Central has the same duty to protect plaintiff as it has with regards to children trespassers. In making such a determination, we do not believe that we have extended appreciably the duty already imposed upon the defendant railroad. It still need only maintain its property so as to protect those trespassers who lack the maturity and judgment to recognize the dangers involved in coming onto its premises. In the instant case, the issue of contributory negligence will be for the triers of fact. In determining due care, the triers of fact will have to consider plaintiff's experience, intelligence and capacity. *Skaggs v. Junis*, 27 Ill.App.2d 251, 169 N.E.2d 684.

■■ A party is entitled to summary judgment only "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment or decree as a matter of law." (Ill. Rev. Stat. 1967, ch. 110, par. 57(3).) If fair-minded persons could draw different conclusions from the facts, a triable issue exists which must be submitted to the trier of fact. *Ruby v. Wayman*, 99 Ill.App.2d 146, 240 N.E.2d 699; *Cannon v. Thompson*, 33 Ill.App.2d 233, 179 N.E. 2d 37.

■■ In the instant case, the complaint charged that plaintiff was abandoned by companions near the Illinois Central right-of-way, that by reason of Illinois Central's negligence in maintaining its fence plaintiff entered the right-of-way through a break in the fence, boarded an

Illinois Central freight car and suffered severe injuries from his exposure to the cold. Affidavits filed in behalf of plaintiff placed him immediately in front of the embankment where the broken fence existed on the evening in question. Affidavits also were filed indicating that the Illinois Central was aware of the broken fence and knew that trespassers were going on the tracks. A chemical analysis of plaintiff's clothing revealed that he had come into contact with substances commonly found in a railroad car. Finally, plaintiff was found three days later in a railroad yard shanty some miles away. We believe that genuine issues of material facts existed, and that summary judgment was improperly granted.

Accordingly, the judgment of the Circuit Court is reversed, and this cause is remanded for further proceedings consistent with this opinion.

Judgment reversed and cause remanded.

McGLOON, P. J., and DEMPSEY, J., concur.