FREDERICK LEE BELL *et al.*, Plaintiffs-Appellants, *v.* HOME FEDERAL SAVINGS AND LOAN ASSOCIATION OF ELGIN, Defendant-Appellee.

Second District (1st Division)    No. 75-164

Opinion filed May 27, 1976.

Harry Schaffner, of Schaffner & Ariano, of Elgin, for appellants.

Kenneth Steffan, of West, Scheflow, Rydell & Steffan, of Elgin, and Richard M. Calkins and Donald E. Tolva, both of Chicago, for appellee.

Mr. JUSTICE HALLETT delivered the opinion of the court:

The plaintiffs have appealed from the dismissal of their action "with prejudice" because of their refusal to comply with a court order to answer certain questions in a discovery deposition. Since the defendant had filed a counterclaim which is still pending, and the court did not make a finding that there was "no just reason for delaying enforcement or appeal" (Supreme Court Rule 304(a)) we conclude that we lack jurisdiction and dismiss the appeal.

The plaintiffs Frederick and Marilyn Bell filed the present action for themselves and all other members of a class similarly situated to themselves in that allegedly they had all borrowed principal sums of money from the defendant Home Federal Savings and Loan of Elgin; said principal sums being loaned with interest accruing only until said loans were repaid in full, with the borrower having the express right to repay said loan in full at any time prior to maturity, and that they had within the past ten years prepaid said loans in full but contrary to their express agreements with the defendant, were charged interest by defendant from the date of prepayment in full until the end of that month. The defendant answered and also filed a counterclaim for recovery of the prepayment penalty in the amount of $900.59. No answer has been made to this counterclaim and the counterclaim has not been disposed of by the court.

The plaintiffs both refused to answer certain questions posed by the defendant in discovery proceedings and, after a court order to answer certain questions, again refused. Accordingly, on February 11, 1975, upon the defendant's motion, the court entered an order dismissing the action with prejudice pursuant to Supreme Court Rule 219 because of said refusal. The court did not make a finding that there was no just reason for delaying enforcement or appeal.

■■ Supreme Court Rule 304(a) (Ill. Rev. Stat. 1973, ch. 110A, par. 304(a)), is clear that where multiple claims for relief are involved, an appeal from a final judgment as to one but fewer than all the claims may be taken only if the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal. This rule is applicable to counterclaims and bars an appeal where a counterclaim by the defendant remains pending although the plaintiff's claims have been disposed of. *Henson v. Renshaw* (1960), 25 Ill. App. 2d 178, 166 N.E.2d 166; *Markiewicz v. City of Des Plaines* (1963), 41 Ill. App. 2d 127, 190 N.E.2d 387 (abstract opinion); *Callen v. Koretzky* (1972), 3 Ill. App. 3d 683, 279 N.E.2d 502 (abstract opinion).

■█ It is true that the trial court dismissed "the action with prejudice." This language, however, was broader than was necessary for the dismissal of the complaint pursuant to Supreme Court Rule 219. Indeed it is obvious that the defendant's counterclaim could not have been and could not have meant to have been dismissed with prejudice because of the plaintiffs' failure to comply with the orders of the court. And if the language of a judgment is broader than necessary, it will be limited so that its effect is only as is needed for the issue decided. Where a counterclaim sets up new facts and prays for affirmative relief and shows grounds by which the jurisdiction of the court may be upheld independently of the original complaint, as does the present one, the dismissal of the complaint does not carry the counterclaim with it. *Midland Electric Coal Corp. v. County of Knox* (1953), 1 Ill. 2d 200, 115 N.E.2d 275; *Callen v. Koretzky* (1972), 3 Ill. App. 3d 683, 279 N.E.2d 502 (abstract opinion).

■█ Where, as here, there is no appealable order, it is the duty of the court to dismiss the appeal for want of jurisdiction even though the parties are willing, as they appear to be in this case, to forego questioning the court's jurisdiction. *Callen v. Koretzky* (1972), 3 Ill. App. 3d 683, 279 N.E.2d 502 (abstract opinion).

Appeal dismissed.

GUILD, P. J., and SEIDENFELD, J., concur.