JUSTICE BARRY delivered the opinion of the court: Plaintiff Farmers State Bank of Lewistown obtained a judgment by confession for $268,075 against its former president, defendant Donald R. Thomas, who had signed notes for several unsecured loans from plaintiff. Proceedings to confirm the confession of judgment were instituted by plaintiff, to which defendant responded with a motion to vacate the judgment and dismiss the complaint. The trial court denied the defendant’s motion with leave to file a motion to open the judgment under Supreme Court Rule 276 (87 Ill. 2d R. 276). Thereafter, defendant filed an answer, affirmative defenses, and a 12-count counterclaim which included, inter alia, claims for a set-off of funds and personal property belonging to him which were seized by plaintiff. Defendant alleged that the funds in three checking accounts, the contents of his safety deposit box, rare coins, foreign gold, and assorted documents and personal property were seized by plaintiff, and that he is also entitled to unpaid salary and dividends and other claims. Defendant requested a trial by jury on his claims. Plaintiff filed a motion to strike the answer and affirmative defenses, a motion to dismiss the counterclaim, and a request that the judgment by confession be confirmed. After hearing arguments, the trial court ruled that plaintiff was entitled to have the judgment by confession confirmed but ordered that plaintiff be barred from using wage deduction proceedings to enforce the judgment. The court also stated that defendant was entitled to a trial on the counterclaim which was transferred to the jury division of the circuit court. During oral arguments before this court, both parties admitted that the counterclaim is still pending. Under Rule 276, it is a matter for the discretion of the trial court whether to allow the filing of a counterclaim; and if a counterclaim is filed, the trial court “to the extent justice requires may stay proceedings on the judgment by confession until the counterclaim is disposed of.” Here the trial court refused to stay the proceedings on the judgment by confession, and defendant perfected this appeal from the confessed judgment. Supreme Court Rule 304(a) provides as follows: “If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal. *** In the absence of such a finding, any judgment that adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before the entry of a judgment adjudicating all the claims, rights, and liabilities of all the parties.” (87 Ill. 2d R. 304(a).) Rule 304(a) has been held applicable to counterclaims and consequently bars an appeal where a counterclaim by the defendant remains pending although the plaintiff’s claims have been disposed of. Bell v. Home Federal Savings & Loan Association (1976), 38 Ill. App. 3d 652, 348 N.E.2d 527. Here the trial court did not make the finding required by Rule 304(a). Accordingly, we conclude that we lack jurisdiction and that this appeal must be dismissed. Appeal dismissed. STOUDER, P.J., and ALLOY, J., concur.