(No. 14926.—Appeal dismissed.)
THE PEOPLE *ex rel.* Perkins B. Bass *et al.* Appellees, *vs.*
THE VILLAGE OF NILES CENTER, Appellant.

*Opinion filed December 19, 1922.*

1. APPEALS AND ERRORS—*in absence of statute an appeal cannot be taken from interlocutory order.* The right of appeal is created by statute, and in the absence of a statute permitting an appeal from an interlocutory order such an order can be reviewed only on an appeal from the final judgment in the cause.

2. SAME—*when a judgment is final.* A judgment is final only when it terminates the litigation between the parties on the merits of the case.

3. QUO WARRANTO—*denial of motion to strike information is not a final judgment.* An order denying a motion to set aside an order granting leave to file an information in the nature of *quo warranto* and to strike the information from the files is not a final, appealable order.

APPEAL from the Circuit Court of Cook county; the Hon. GEORGE FRED RUSH, Judge, presiding.

HOWARD P. CASTLE, for appellant.

ROBERT E. CROWE, State's Attorney, and NEWMAN, POPPENHUSEN, STERN & JOHNSTON, (EDWARD R. JOHNSTON, and HENRY JACKSON DARBY, of counsel,) for appellees.

Mr. CHIEF JUSTICE THOMPSON delivered the opinion of the court:

The State's attorney of Cook county, upon the relation of certain property owners, obtained leave to file in the circuit court of said county an information in the nature of *quo warranto* to test the legality of the annexation of certain territory to the village of Niles Center. At the same term the village appeared and moved the court to set aside the order granting leave and to strike the information from the files and to dismiss the proceeding. This motion was

306—10

denied, and from the order denying the motion this appeal was prayed and prosecuted.

The right of appeal is created by statute, and in the absence of a statute permitting an appeal from an interlocutory order, such an order can be reviewed only on an appeal from the final judgment in the cause. A judgment is final only when it terminates the litigation between the parties on the merits of the case. (*Jenkins & Reynolds Co.* v. *Wells,* 220 Ill. 452; *Rosenthal* v. *Board of Education,* 239 id. 29.) The order entered in this case retains the cause for further determination of matters of substantial controversy between the parties, and it is not a final and appealable order. The appeal is therefore dismissed.    *Appeal dismissed.*

---

(No. 14809.—Reversed and remanded.)
THE NATIONAL MALLEABLE CASTINGS COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*— (TEKLA PALACZ, Admx. Defendant in Error.)

*Opinion filed December 19, 1922.*

1. WORKMEN'S COMPENSATION—*when evidence shows that disease was result of an injury.* Where it appears from the evidence that an employee received an injury to his side, which gradually became worse after he had worked a few days, and that he contracted pneumonia, which resulted in permanent empyema, it is a reasonable inference that the empyema resulted from the injury, where there is expert testimony that trauma is a possible although not the most usual cause of empyema.

2. SAME—*when the cause need not be remanded on account of death of claimant.* Where an employee contracts pneumonia and the disease results in a condition of empyema causing death more than a year after the accident and after his proceeding for compensation has been taken to the circuit court, the court need not remand the cause to the Industrial Commission to determine whether his death resulted from the accident, as the record, having been made in the employee's lifetime, is not affected by his death.

3. SAME—*when award for medical services cannot be sustained.* Where the employer furnished no medical or hospital services and