The primary question is whether we have jurisdiction to entertain this appeal. The case arose in the superior court of Cook county where an unsuccessful attempt was made before a jury to recover damages from the Chicago and Western Indiana Railroad Company, appellee, in behalf of the estate of Alexander Krauchunis, who was killed in a grade crossing accident in Chicago on September 29, 1930.
The declaration charged negligence on the part of appellee by its violation of certain safety requirements enacted by city ordinance, and afterwards allegedly continued in force by the Illinois Commerce Commission through various general orders. The declaration also contained a count charging common law negligence. After a demurrer was overruled, defendant filed general and special pleas attacking the validity of the commission's orders on constitutional *Page 82 
grounds. The trial judge sustained the special plea to all of the counts, except the one alleging a common law duty, and appellant was compelled to try his case on the common law count only. The special plea was sustained in the court below on the ground that the general orders of the commission were unconstitutional, and for this reason appellant now claims that his appeal presents a constitutional question for review.
We do not share the view of both parties, or the statement of the trial judge, that a constitutional question was presented by the pleadings with reference to the general orders of the Commerce Commission. The special plea averred that the general orders relied upon by appellant were issued summarily by the Commerce Commission without the utilities affected thereby being given any notice of the contemplated action, and without prior hearing thereon. In the court below, appellee, as a basis of its objection to the general orders involved, said those orders deprived it of its property in violation of the due process clauses in the State and Federal constitutions, and were in further violation of articles 3 and 4 of the Illinois constitution, relating to separation of powers.
Article 5 of the Public Utilities act of 1921 (Smith's Stat. 1933, chap. 111 2/3, sec. 64 et seq.; Cahill's Stat. 1933, chap. 111a, sec. 64, et seq.) contains those statutory provisions which govern proceedings before the Commerce Commission and before the courts. Section 64 provides in part that when a complaint is before the commission, if it be not satisfied, a hearing shall be had thereon. A notice of such hearing must be given by the commission to those interested in the complaint, setting forth the time and place of the hearing. This requirement shall apply to all hearings held by the commission or under its authority. Section 65 requires that "At the conclusion of such hearing the commission shall make and render findings concerning the subject matter and facts inquired into and enter its order *Page 83 
based thereon." The last paragraph of this section provides that "In any matter concerning which the commission is authorized to hold a hearing, upon complaint or application or upon its own motion, notice shall be given to the public utility and to such other interested persons as the commission shall deem necessary in the manner provided in the preceding section," etc. The paragraph continues "But nothing in this act shall be taken to limit or restrict the power of the commission, summarily, of its own motion, with or without notice, to conduct any investigations or inquiries authorized by this act, in such manner and by such means as it may deem proper, and to take such action as it may deem necessary in connection therewith. With respect to any rules, regulations, decisions or orders which the commission is authorized to issue without a hearing, and so issues, any public utility or other person or corporation affected thereby and deeming such rules, regulations, decisions or orders, or any of them, improper, unreasonable or contrary to law, may apply for a hearing thereon, setting forth specifically in such application every ground of objection which the applicant desires to urge against such rule, regulation, decision or order. The commission may, in its discretion, grant or deny the application, and a hearing, if had, shall be subject to the provisions of this and the preceding sections." Section 68 states, "No proceeding to contest any rule, regulation, decision or order which the commission is authorized to issue without a hearing and has so issued shall be brought in any court unless application shall have been first made to the commission for a hearing thereon and until after such application has been acted upon by the commission," etc. This section gives to those believing themselves aggrieved by the acts of the commission the right to appeal to the courts for a judicial determination, and section 69 provides for appeals from the final orders and judgments of circuit and superior courts directly to the Supreme Court. *Page 84 
Under the circumstances appearing in this case the alleged constitutional questions were not created by the special plea of appellee, except as they are academic or speculative. (United States v. Illinois Central Railroad Co. 291 U.S. 457,54 Sup. Ct. 471.) Since no constitutional question was in fact presented in the court below, appellant can not urge the special plea of appellee, or the ruling of the trial court thereon, as grounds for bringing the case here by direct appeal. We are therefore without jurisdiction.
The cause is accordingly transferred to the Appellate Court for the First District.
Cause transferred.