(No. 35238.—

ALDO BIAGI, Appellant, *vs.* CRESCENT P. O'CONNOR, Exr., Appellee.

*Opinion filed November 18, 1959—Rehearing denied Jan. 18, 1960.*

ANDALMAN & ANDALMAN, and BERNARD W. VINISSKY, both of Chicago, (MAXWELL N. ANDALMAN, and HARRY G. FINS, of counsel,) for appellant.

HUGH M. MATCHETT, of Chicago, for appellee.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

The superior court of Cook County entered a decree finding the defendant indebted to the plaintiff on an accounting of partnership assets. On appeal the Appellate Court reversed and remanded with directions to find for the defendant. (*Biagi* v. *Gregory,* 19 Ill. App. 2d 534.) The plaintiff has not sought review by way of leave to appeal; instead, he appeals as of right on the ground that a constitutional question arose for the first time in the Appellate Court.

Aldo Biagi initiated this proceeding with a complaint in equity for a partnership accounting. Mrs. Grace R. Gregory was the original defendant. Her death has been suggested and her executor substituted for her. She answered and filed a countercomplaint for dissolution of the partnership on the ground of fraud and an accounting. On June 11, 1954, the trial court entered a decree for the plaintiff dismissing the defendant's countercomplaint and referring the cause to a master for an accounting. On the basis of the master's report stating the account, the trial court entered a decree on July 2, 1956, ordering the defendant to pay the plaintiff $7,387.90 plus interest and masters' fees.

From this decree the defendant appealed to the Appellate Court. On plaintiff's motion, that court ruled that the decree of June 11, 1954, was final and appealable when entered, and that since the defendant had failed to appeal at that time, the court could not consider the issues determined by that decree. It ruled that only those issues raised upon the accounting and determined by the decree of July 2, 1956, could be considered on the appeal. Subsequently, however, the Appellate Court vacated its order. The court held that since the 1954 decree had adjudicated fewer than all the issues in the case, section 50(2) of the Civil Practice Act

(Ill. Rev. Stat. 1959. chap. 110, par. 50(2),) made that decree reviewable on appeal from the 1956 decree even though section 50(2) became effective more than a year after the 1954 decree was entered. The court then proceeded to review the 1954 decree and ruled that the defendant was entitled to the relief prayed in her countercomplaint. From this judgment the plaintiff appeals.

We think that the Appellate Court was wrong in assuming that section 50(2) was intended to operate retroactively and to apply to judgments entered before it became effective. Nevertheless, although the defendant has not raised the question, it is our duty to dismiss this appeal if we find that we lack jurisdiction. (*American Smelting & Refining Co. v. City of Chicago*, 409 Ill. 99; *People ex rel. Sweitzer v. Gill*, 364 Ill. 344.) The plaintiff asserts that we have jurisdiction because a constitutional question, involving the validity of section 50(2) of the Civil Practice Act as applied to judgments entered prior to the time it became effective, arose for the first time in the Appellate Court. It is true that the Appellate Court indicated in its opinion that it reviewed the 1954 decree on the ground that section 50(2), being procedural, applied retroactively. It also considered whether this retroactive application of the statute unconstitutionally deprived the plaintiff of rights vested by the 1954 decree and held that it did not. This court's jurisdiction, however, is based only on constitutional questions necessarily presented by the Appellate Court's judgment, not by questions suggested by the reasoning which led that court to its decision. (*Kamienski v. Bluebird Air Service, Inc.* 389 Ill. 462; see *Wilson v. Chicago and Western Indiana Railroad Co.* 363 Ill. 81.) In this case, the Appellate Court's judgment, as distinguished from its opinion, does not draw into question the validity of section 50(2), or raise other constitutional issues, because the appealable character of the 1954 decree is established by other sections of the Civil Practice Act.

Before the Civil Practice Act became effective in 1934, a writ of error brought up the whole record, and a judgment or decree, although final and appealable when entered, was reviewable on a writ of error sued out after a later decree in the same suit. (*Drummer Creek Drainage Dist.* v. *Roth,* 244 Ill. 68.) In *Bride* v. *Stormer,* 368 Ill. 524, we held expressly that the earlier rule is incorporated by section 74(1) of the Civil Practice Act (Ill. Rev. Stat. 1959, chap. 110, par. 74(1),) which provides, "The appeal presents to the reviewing court all issues which heretofore have been presented by appeal and writ of error." It is true that in later cases we refused to review decrees, appealable when entered, upon appeal from a subsequent decree. (*e.g. Pasfield* v. *Donovan,* 7 Ill.2d 563; *Rabe* v. *Rabe,* 386 Ill. 600.) However, since in those cases the parties did not urge and the opinion did not consider the effect of section 74(1) they have properly been regarded as not controlling. (See *Simpson* v. *Simpson,* 4 Ill. App.2d 526.) Consequently, under the rule declared in *Bride* v. *Stormer,* the 1954 decree in this case was reviewable on appeal from the 1956 decree.

The crux of the plaintiff's claim is that the 1954 decree was final and unreviewable, and that it therefore created property rights which were constitutionally protected against retroactive legislation authorizing appellate review. But the 1954 decree was not final and unreviewable. Instead, by virtue of section 74(1) it remained subject to review on an appeal from the 1956 decree, entirely apart from section 50(2). No more is involved in the judgment of the Appellate Court than an application of section 74(1) as previously interpreted.

Although the 1954 decree was thus reviewable, the plaintiff asserts that it was not properly presented for consideration in the Appellate Court because the defendant's notice of appeal did not specify that judgment as an order appealed from as required by Supreme Court Rule 33. (Ill.

242

Rev. Stat. 1959, chap. 110, par. 101.33.) This defect, however, involves only a departure from procedural rules, not a violation of constitutional rights, and it is insufficient to invoke our jurisdiction. See *People v. 123 Punch Boards,* 8 Ill.2d 520; *People v. Jiras,* 340 Ill. 208.

*Appeal dismissed.*