Arthur M. Oppenheimer, Plaintiff and Counterdefendant, Appellee, v. U. S. Carbon & Ribbon Mfg. Co., Inc., a Corporation, and Consolidated Curtis-Young Corporation, a Corporation, Defendants and Counterplaintiffs, Appellants. Consolidated Ribbon & Carbon Co., Formerly an Illinois Corporation, Counterdefendant, Appellee.

Gen. No. 48,914.

First District, Third Division.

September 18, 1963.

Rehearing denied November 27, 1963.

■■■■■■■■■■■■■■■■■■■■■■■■■■

George W. Rauch, John W. Freels, and Hubachek & Kelly, all of Chicago, for appellants.

Henry L. Kohn, and Arthur M. Oppenheimer, pro se, of Chicago, for appellees.

MR. JUSTICE McCORMICK delivered the opinion of the court.

This appeal is from an order entered by the trial court in an action which arose out of an alleged written contract for the sale of assets of the carbon paper and ribbon business of Consolidated Ribbon & Carbon Company (hereinafter referred to as "Old Consolidated"), formerly an Illinois corporation. The parties to the written agreement in question were Old Consolidated, Arthur M. Oppenheimer, Curtis-Young Corporation, U. S. Ribbon & Carbon Mfg. Co. (sued herein under the name U. S. Carbon & Ribbon Mfg. Co., Inc. and hereinafter referred to as "U. S. Carbon"), a Pennsylvania corporation, and Arthur W. Young.

The suit was brought by Oppenheimer against U. S. Carbon and against Consolidated Curtis-Young Corporation (hereinafter referred to as "New Consolidated"). It was in two counts. The first count was for salary and bonus allegedly due Oppenheimer from both defendants pursuant to employment provisions contained in the written agreement. The second count was for the recovery from the defendant New Consolidated of an amount allegedly due on a promissory note executed pursuant to an oral modification of the written agreement.

A four-count counterclaim was filed. The first count was filed on behalf of defendants, U. S. Carbon and New Consolidated, against plaintiff, Oppenheimer, for damages allegedly caused by plaintiff's incompetence, neglect and failure to devote a reasonable amount of time to the affairs of the defendants. The second count was by U. S. Carbon and New Consolidated against

plaintiff for damages for failure to deliver certain equipment. The amended third count was by New Consolidated against Old Consolidated (which, prior to the filing of the third count of the counterclaim, was not a party to the suit), and was based on the alleged failure of Old Consolidated to turn over the entire backlog of unfilled orders pursuant to the terms of the written agreement. The fourth count, as amended, was brought by U. S. Carbon against Oppenheimer for damages allegedly caused by the fraudulent conduct of the plaintiff in failing to disclose, prior to the execution of the agreement, that the vendor was in grave danger of losing its major customer, Associated Stationers Supply Company, Inc., also known as Horder's.

The case was tried before a court and jury. At the close of all the evidence plaintiff made separate motions for directed verdicts on counts I and II of the complaint, which motions were sustained by the trial court. The trial court thereupon directed the jury to bring in a verdict on count I for Oppenheimer and against New Consolidated and U. S. Carbon assessing plaintiff's damages at $16,396.84. The court also directed the jury to bring in a verdict on count II of the complaint in favor of Oppenheimer and against the defendant New Consolidated assessing the plaintiff's damages at $7,000. In accordance verdicts were returned by the jury, properly signed, which verdicts appear in the record.

Separate motions were made by plaintiff at the close of all the evidence for a directed verdict in favor of the plaintiff and counterdefendant on counts I and II of the counterclaim, which motions were sustained by the trial court. Verdicts in accordance with the direction as to both counts were returned by the jury, properly signed, and appear in the record.

Count III of the counterclaim was submitted to the jury, and the jury returned a verdict in favor of the "Counter-Defendant, Consolidated Ribbon & Carbon

Company, and against the Counter-Plaintiff, Consolidated Curtis-Young Corporation," which verdict, properly signed, appears in the record. Count IV of the counterclaim was also submitted to the jury, and the jury returned a verdict in favor of the counterplaintiff, U. S. Carbon, and against counterdefendant, Oppenheimer, and assessed damages in the sum of $9,100. This verdict, properly signed, also appears in the record.

Neither in the abstract nor in the record does it appear that any judgment was entered by the court on any of the verdicts.

Oppenheimer, as plaintiff and counterdefendant, thereupon in apt time filed a post-trial motion. He moved for judgment on count IV of the counterclaim notwithstanding the verdict, or arrest of judgment, or a new trial on said count IV of the counterclaim, and alleged certain procedural errors. The defendants to the original complaint, U. S. Carbon and New Consolidated, filed a post-trial motion, moving for judgment on count I of the complaint, arrest of judgment, or a new trial on said count, and alleged certain procedural errors. In the same motion New Consolidated moved for judgment on count II of the complaint notwithstanding the verdict, arrest of judgment, or a new trial as to said count, alleging certain procedural errors. Also in the same motion defendants and counterplaintiffs, U. S. Carbon and New Consolidated, moved the court for judgment on count I of the counterclaim notwithstanding the verdict, or for a new trial on count I of the counterclaim, and also set up procedural errors. As to count III of the counterclaim the post-trial motion reads as follows: "The Defendant and Counterplaintiff, Consolidated Ribbon & Carbon Company [sic], moves the court for: A. Judgment on Amended Count III of its counterclaim against the Counterdefendant, Consolidated Ribbon & Carbon Company,

454

notwithstanding the verdict; or B. A new trial on Amended Count III of Defendant's counterclaim," and alleges that the verdict is against the manifest weight of the evidence.

The court on May 16, 1962 entered an order in part as follows:

"1. That the post trial motions of U. S. Carbon & Ribbon Mfg. Co., Inc. [U. S. Carbon] and Consolidated Curtis-Young Corporation [New Consolidated] be and they hereby are overruled, and that all relief sought by said motions be and they hereby are denied.

"2. That the motion of Arthur M. Oppenheimer for judgment notwithstanding the verdict of the jury on Amended Count IV of the Counterclaim be and it is hereby granted; that said verdict and the judgment entered thereon be and the same are hereby set aside and vacated; that judgment for said Arthur M. Oppenheimer on Amended Count IV of the Counterclaim be and it is hereby entered notwithstanding the verdict of the jury; that Counter Plaintiff take nothing by its claim on Amended Count IV of the Counterclaim."

The order also provided that Oppenheimer be allowed a conditional new trial on count IV of the counterclaim.

U. S. Carbon and New Consolidated filed a notice of appeal. It is not abstracted in full, but from the record it appears they are appealing from the order entered in the trial court overruling their post-trial motion and from the order allowing the motion of Oppenheimer for judgment notwithstanding the verdict on amended count IV of the counterclaim, from the further order of the court setting aside and vacating the verdict and judgment entered on count IV of the counterclaim, and also from the order of the court granting Oppenheimer

455

a conditional new trial on amended count IV. Part II of the notice of appeal, which contains the relief sought in this court, reads as follows:

"Move the Court for an Order directing the trial court:

"1. To grant judgment for the Defendants on Count I of the Complaint notwithstanding the directed verdict for the Plaintiff; enter an order arresting judgment on Count I of the Complaint; or grant a new trial on Count I of the Complaint;

"2. To enter judgment for the Defendant Consolidated Curtis-Young Corporation [New Consolidated], on Count II of the Complaint notwithstanding the directed verdict of the jury for the Plaintiff; enter an order arresting judgment on Count II of the Complaint; or grant a new trial on Count II of the Complaint;

"3. To enter judgment for the Defendants on Count I of the Counterclaim notwithstanding the directed verdict of the jury for the Plaintiff; or grant a new trial on Count I of the Counterclaim; and

"4. To enter judgment for the Defendant, Consolidated Curtis-Young Corporation [New Consolidated], on amended Count III of its Counterclaim and against the Counterdefendant, Consolidated Ribbon & Carbon Co. [Old Consolidated], notwithstanding the directed verdict of the jury; or grant a new trial on amended Count III of the Counterclaim."

(No reference in this part of the notice of appeal is made to the court's order on count IV of the counterclaim.)

A determination must be made by us at the very threshold of the case as to whether or not we have any jurisdiction to entertain this appeal. The only judg-

ment appearing in the record is the judgment contained in the May 16th order of the court where the court enters judgment notwithstanding the verdict on count IV of the counterclaim, in favor of Oppenheimer and presumably against U. S. Carbon. U. S. Carbon and New Consolidated cannot appeal from any order of the court sustaining a motion for directed verdict or from the verdict of the jury returned in accordance with such direction unless a judgment has been entered thereon. It is elementary law that the judgment from which the appeal is taken must be shown by the record before the reviewing court can entertain the appeal. In Harris v. Annunzio, 411 Ill 124, 103 NE2d 477, the Supreme Court had a case before it in which it stated that it was impossible to determine from an examination of the abstract of record what disposition was made of the cause in the trial court or whether a final appealable judgment or order was entered in that court, and the Supreme Court said:

"... The appeal in this case is from a supposed judgment or order of the circuit court of Cook County, which does not appear anywhere in the abstract of record.

"Rule 36(2) of this court, (Ill Rev Stats 1949, c 110, § 259.36(2),) definitely sets out what the transcript of the record on appeal shall contain. It is elemental that where a party desires to have a judgment reviewed by this court it is incumbent upon him to present a transcript of the record of the judgment sought to be reviewed. Knecht v. Sincox, 376 Ill 586."

The court cites Hayes v. Industrial Commission, 383 Ill 272, 48 NE2d 940, and Boston Store of Chicago, Inc. v. Industrial Commission, 386 Ill 17, 53 NE2d 455, and from the latter case the court quoted the following: "It nowhere appears from the abstract what the judg-

457

ment of the circuit court was or what questions are involved. It has been repeatedly announced by this court that the court will not search the record to supply deficiencies in the abstract. Everything necessary to decide the questions raised must appear in the abstract. This rule has been announced and adhered to in the published decisions of this court over a long period of years." In Hayes v. Industrial Commission, supra, the court said: "The transcript of the record on appeal must show a final judgment, and the failure to show such judgment in the transcript and in the abstract of the record, is ground for affirmance or dismissal."

In Watson v. Hobson, 396 Ill 617, 72 NE2d 857, the court said: "The question first arising is whether this constitutes a final judgment. While there is no motion to dismiss this appeal, it is incumbent on this court to meet and decide this question. An order, judgment or decree, to be appealable, must be final. (People ex rel. Hesterman v. Chicago, B. & Q. R. Co., 306 Ill 166, 137 NE 387.) No final judgment is presented by this record." The court dismissed the appeal.

In the case before us there is no judgment appearing in the record on counts I and II of the complaint, or on counts I, II and III of the counterclaim. The appeal taken from the order of the court denying the posttrial motion of the defendants and counterplaintiffs must be dismissed.

The order of May 16, 1962 of the trial court did sustain the motion of Oppenheimer for a judgment notwithstanding the verdict on amended count IV of the counterclaim and enter judgment for Oppenheimer notwithstanding the verdict of the jury. It has long been a principle of the law that piecemeal appeals are not favored, and section 50(2) of the Civil Practice Act (Ill Rev Stats 1961, c 110, § 50(2)) specifically provides that in suits involving multiple parties or multi-

458

ple claims for relief, where an order, judgment or decree of the trial court is entered as to less than all of the parties or claims without an express finding that "there is no just reason for delaying enforcement or appeal," such order, judgment or decree is not appealable. Our courts have repeatedly passed upon that question. Ariola v. Nigro, 13 Ill2d 200, 148 NE2d 787; Hanley v. Hanley, 13 Ill2d 209, 148 NE2d 792; Getzelman v. Koehler, 14 Ill2d 396, 152 NE2d 833; Bohannon v. Joseph T. Ryerson and Sons, Inc., 15 Ill2d 470, 155 NE2d 585; Weidler v. Westinghouse Elec. Corp., 37 Ill App2d 95, 185 NE2d 100. The instant case falls flatly within that rule.

Under the law we are bound by the record as it appears before us. McGurn v. Brotman, 25 Ill App2d 294, 299, 167 NE2d 12, 14. In the record no judgment was shown on counts I and II of the complaint and on counts I, II and III of the counterclaim. A verdict of the jury is not a judgment. Under the application of section 50(2) by the courts the judgment entered on count IV of the counterclaim, since it does not dispose of all the claims of all of the parties in the suit, and since it does not contain the express finding referred to in section 50(2), is not appealable, and the appeal as to such judgment must also be dismissed.

Accordingly the appeal herein is dismissed.

Appeal dismissed.

SCHWARTZ, PJ and DEMPSEY, J, concur.