Marlene J. McNulty, Also Known as Marlene J. Ryan, Plaintiff-Appellee, v. Robert P. Ryan, Defendant-Appellant.

Gen. No. 52,818.

First District.

October 31, 1969.

202

Hall, Borkenhagen & Gustafson, of La Grange (Richard W. Hall, of counsel), for appellant.

Serhant & Svec, of Berwyn, and Donald E. Vacin, of Chicago, for appellee.

MORAN, J.

Plaintiff-appellee filed an application in the Circuit Court of Cook County, under the Uniform Enforcement of Foreign Judgments Act (Ill Rev Stats, c 77, §§ 88–105), to register an Oklahoma divorce decree and to modify the child support payments granted under that decree. The Circuit Court found that the Oklahoma decree was duly registered, entered an order denying defendant's motion to strike and reserved the issue of modification for a later hearing. Defendant appeals.

In her application for registration of the foreign judgment, plaintiff prayed for (1) registration of the Oklahoma divorce decree under the Uniform Enforcement of Foreign Judgments Act, (2) modification of the child support award granted under that decree based upon material change of circumstances, and (3) an allowance for attorney fees and other relief.

In its decree the court found the Oklahoma decree to be duly registered and reserved the issue of modification for a later hearing. Clearly, multiple claims for relief are involved in this action, Ariola v. Nigro, 13 Ill2d 200, 148 NE2d 787 (1958); Kazubowski v. Kazubowski, 93 Ill App2d 126, 235 NE2d 664 (1968); McGee v. McGee, 36 Ill App2d 105, 183 NE2d 545 (1962), and the trial court has entered a final judgment as to fewer than all of those claims.

Supreme Court Rule 304 provides:

"If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from

a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal. Such a finding may be made at the time of the entry of the judgment or thereafter on the court's own motion or on motion of any party. The time for filing the notice of appeal shall run from the entry of the required finding. In the absence of such a finding, any judgment that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before the entry of a judgment adjudicating all the claims, rights, and liabilities of all the parties."

Since part of the claim for relief in this case is still pending in the trial court, and since the trial court made no express finding that there was no just reason for delaying appeal, Supreme Court Rule 304 requires that we dismiss this appeal on our own motion.

Appeal dismissed.

EBERSPACHER and GOLDENHERSH, JJ., concur.