Irene Ann Peesel, Plaintiff-Appellee, v. Otto Paul Peesel, Defendant-Appellant.

(No. 72-56;

Second District—April 25, 1973.

Cohn & Flynn, and John P. Carlin, both of Chicago, for appellant.

Donovan, Dichtl, Atten, Mountcastle & Roberts, of Wheaton, for appellee.

Mr. JUSTICE ABRAHAMSON delivered the opinion of the court:

Plaintiff filed an application under the Uniform Enforcement of Foreign Judgments Act (Ill. Rev. Stat. 1971, ch. 77, par. 88—105) in the circuit court of Du Page County to register a California divorce decree. On October 7 the court entered an order duly registering that judgment and reserving the matters of child support, alimony, division of marital property, attorneys' fees and costs for determination at a later hearing. On November 30, 1971 the court ordered the defendant to pay $30 per week as child support payments and reserved the questions of alimony, division of marital property, attorneys' fees and costs. While some of the "questions" reserved were continued to December 13, 1971, no order was entered on that date and the case was stricken from the call.

Defendant filed his appeal on January 3, 1972 from the orders of October 7 and November 30, 1971, and from the order of December 13, 1971 (when none was entered).

One of plaintiff's contentions is that this appeal should be stricken from the docket because it was filed too late. We are, however, confronted with Supreme Court Rule 304. (50 Ill.2d R. 304.) It is apparent that multiple claims for relief are involved in this action, the trial court having reserved most of them for later determination.

Supreme Court Rule 304 provides in pertinent part as follows:

> "If * * * multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the * * * claims only if the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal. * * * In the absence of such a finding, any judgment that adjudicates fewer than all of the claims * * * is not enforceable or appealable and is subject to revision at any time before the entry of a judgment adjudicating all the claims, rights, and liabilities of all the parties."

The trial court has not made any express finding here that there was no just reason for delaying appeal, and there are still pending and reserved before the court other claims for relief. In view of Supreme Court Rule 304 we must dismiss the appeal. It is therefore dismissed on our own motion. See *McNulty v. Ryan*, 116 Ill.App.2d 202.

Appeal dismissed.

GUILD, P. J., and T. MORAN, J., concur.