CENTRAL SOYA COMPANY, INC., Plaintiff-Appellee, *v.* GEORGE ARNOLD, Defendant-Appellant.

(No. 12856; ▮▮▮▮▮▮▮)

Fourth District—July 17, 1975.

Jack C. Vieley, of Peoria, for appellant.

George L. Chesley, of DePew, Grimes & DePew, of Bloomington, for appellee.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

Plaintiff, Central Soya Company, Inc., filed a complaint against the defendant alleging that in May and June 1971 the defendant purchased from and sold to the plaintiff certain future contracts involving soybeans and soybean oil. In its complaint, the plaintiff alleged that as a result of these purchase and sale transactions there was an account stated between the plaintiff and the defendant and that the defendant was indebted to the plaintiff in a sum in excess of $5000. The defendant filed an answer denying the essential allegations of the complaint and demanding a jury trial. Thereafter, the plaintiff filed a motion for summary judgment and appended to it a copy of a deposition of the defendant taken in January 1974. It was the contention of the plaintiff that there was no material issue of fact. The trial court granted the motion for summary judgment and entered judgment for the plaintiff in the amount originally claimed. Simultaneously, the trial court gave the defendant leave to file a counterclaim against the plaintiff in which the defendant sought a sum in excess of $21,000 from the plaintiff based upon the same transactions that were the subject matter of the complaint. The defendant then filed a notice of appeal. In this court he contends that the action of the trial court in granting summary judgment for the plaintiff was error.

■■ Although the defendant persuasively argues that the action of the trial court in granting summary judgment was erroneous because of the existence of the material issue of fact, we are precluded from reaching this issue on the merits. Supreme Court Rule 304 (Ill. Rev. Stat. 1973, ch. 110A, par. 304) provides that if multiple claims for relief are involved in a transaction, an appeal may be taken from a final judgment as to one but fewer than all the claims *only* if the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal. Where, as here, there is no such finding, a judgment that purports to determine one claim is not appealable and is subject to revision at any time before the entry of a judgment that does in fact adjudicate all the claims and liabilities of the parties. *Peesel v. Peesel,* 11 Ill.App.3d 76, 296 N.E.2d 69.

■■ Accordingly, the issues purported to be presented by this appeal are not yet appealable and this court is without jurisdiction to review such issues upon their merits.

Appeal dismissed.

TRAPP, P. J., and GREEN, J., concur.