HIGHWAY INDUSTRIES, INC., Plaintiff-Appellee and Cross-Appellant, *v.* TRAILER LEASING COMPANY, INC., Defendant-Appellant and Cross-Appellee.

First District (1st Division)   No. 76-112

Opinion filed April 25, 1977.—Rehearing denied May 17, 1977.

Russell J. Topper, of Chicago, for appellant.

M. M. Loman, of Chicago, for appellee.

Mr. JUSTICE BUA delivered the opinion of the court:

Trailer Leasing Company, Inc. (defendant), appeals from an order entered November 17, 1975, in the Circuit Court of Cook County denying its motion to vacate the court's order of November 5, 1975. Highway Industries, Inc. (plaintiff), cross-appeals from an order entered April 26, 1972, denying its motion to strike defendant's answer and counterclaim.

We conclude that the orders appealed from are not final and appealable orders and we therefore dismiss both the appeal and cross-appeal.

Plaintiff filed a complaint for judgment on two promissory notes totalling $221,184.83. Defendant filed an answer and counterclaim in the amount of $300,000, alleging that plaintiff-counterdefendant breached its contract to manufacture 50 open railroad trailers. Thereafter plaintiff moved to strike defendant's answer and counterclaim. On April 26, 1972, Judge Ben Schwartz denied the aforesaid motion and ordered plaintiffs to answer the counterclaim within 28 days. Thereafter the cause proceeded through the various discovery and pretrial stages. On February 22, 1974, the case encaptioned *Highway v. Trailer* was called on the calendar call of Judge Joseph Butler and the court dismissed the cause for want of prosecution. The order was silent as to defendant's pending counterclaim and made no express written finding that there was no just reason for delaying enforcement or appeal.

On November 5, 1975, plaintiff moved the court to set the instant cause for trial. The court, in its order of November 5, 1975, noted that the cause had been assigned for pretrial on July 1, 1973, and continued from time to time up to and including March 18, 1974, and that during that period, specifically on February 22, 1974, the court had entered an erroneous order dismissing plaintiff's cause for want of prosecution. The court then vacated the aforesaid dismissal order and set the cause for trial. Subsequently, on November 17, 1975, the court denied defendant-counterplaintiff's motion to vacate the November 5, 1975, order.

Defendant-appellant now argues that the court below lacked jurisdiction to vacate its dismissal order of February 22, 1974. Defendant contends that the dismissal order was final and appealable, that the vacatur was entered more than 30 days after entry of the dismissal, and, therefore plaintiff was entitled to relief only as provided by section 72 of our Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 72). Plaintiff-cross-appellant urges reversal of the court's order denying their motion to strike defendant's counterclaim, contending that defendant had released them of any liability. However, we are precluded from making a determination as to these issues.

■■ Supreme Court Rule 304(a) (Ill. Rev. Stat. 1973, ch. 110A, par. 304(a)) provides that where multiple claims for relief are involved, an appeal from a final judgment as to one but fewer than all the claims may be taken *only* if the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal. It is clear that this rule is applicable to counterclaims and bars an appeal where a counterclaim by the defendant remains pending although the plaintiff's claims have been disposed of. (*Bell v. Home Federal Savings & Loan Association* (1976), 38 Ill. App. 3d 652, 653, 348 N.E.2d 527, 529.) Where a

counterclaim sets up new facts and prays for affirmative relief and shows grounds by which the jurisdiction of the court may be upheld independently of the original complaint, as does the present one, the dismissal of the complaint does not carry the counterclaim with it. (*Bell v. Home Federal; Callen v. Koretzky* (1972), 3 Ill. App. 3d 683, 279 N.E.2d 502 (abstract).) Where, as here, there is no express written finding that there is no just reason for delaying enforcement or appeal a judgment that purports to determine one claim is not appealable and is subject to revision at anytime before the entry of a judgment that does in fact adjudicate all the claims and liabilities of the parties. *Central Soya Co., Inc. v. Arnold* (1975), 30 Ill. App. 3d 204, 331 N.E.2d 827.

Finally, our supreme court has consistently held that no appeal lies from an interlocutory order in the absence of a statute or rule specifically authorizing such review. (*Bulk Terminals Co. v. Environmental Protection Agency* (1976), 65 Ill. 2d 31, 357 N.E.2d 430; *People v. Miller* (1966), 35 Ill. 2d 62, 219 N.E.2d 475.) It is clear that the trial court's order of April 26, 1972 denying plaintiff's motion as aforesaid is an interlocutory order, and therefore not presently appealable.

Accordingly, the issues presented herein are not yet appealable and this court is without jurisdiction to review such issues upon their merits.

Appeal and cross-appeal dismissed.

GOLDBERG, P. J., and O'CONNOR, J., concur.