NEW ALPHA PROGRESSIVE BAPTIST CHURCH, Plaintiff-Appellee, v. ELKS 1596 BUILDING CORPORATION, Defendant-Appellant.

First District (2nd Division) No. 77-405

Opinion filed May 16, 1978.

---

J. Stirling Mortimer, of Mortimer & Hoffman, of Chicago, for appellant.

Charles M. May, of Chicago, for appellee.

Mr. PRESIDING JUSTICE STAMOS delivered the opinion of the court:

Defendant, Elks 1596 Building Corporation (hereinafter "seller"), appeals from an order of the circuit court of Cook County granting the motion of plaintiff, New Alpha Progressive Baptist Church (hereinafter "buyer"), for judgment on the pleadings entered in buyer's action to recover earnest money paid into an escrow account toward the purchase of certain real property located in Chicago, Illinois.

The sole issue presented for review is whether the buyer was erroneously granted judgment on the pleadings.

Buyer's complaint alleged *inter alia* that on January 3, 1974, buyer entered into a contract with seller for the purchase of a parcel of real estate to be used for church purposes and that on January 25, 1974, buyer entered into an escrow agreement with seller and pursuant to this agreement deposited $10,000 as earnest money into the account. Buyer also alleged:

> "That plaintiff [buyer] was unable to obtain the necessary mortgage commitment needed to consummate the afore-mentioned transaction, as set forth in said contract for the sale and purchase of said real estate; that defendant seller thereafter negotiated and consummated a sale of said real estate with another prospective buyer; and that by reason of the premises [*sic*] said escrow agreement was rendered inoperative."

Buyer concluded, therefore, that it was entitled to return of the earnest money deposited in the escrow account.

The terms of the contract indicate that the total purchase price was $107,000. In addition to the $10,000 in earnest money, $47,000 was to be paid on closing and the balance was to be taken as a "purchase money mortgage." The contract also expressly provides that in the event of a buyer default, the earnest money shall be forfeited as liquidated damages.

Seller filed a counterclaim seeking to recover rents allegedly due and owing on the property in question. Seller also moved for judgment on the pleadings on the ground that buyer was in default under the terms of the contract so as to entitle seller to the escrow fund.

The trial court entered judgment on the pleadings in favor of buyer from which order seller now appeals.

■■ Buyer currently contends that this court lacked jurisdiction to consider the instant appeal inasmuch as the order under review did not terminate the litigation in the trial court and the order did not contain an express finding that there was no just reason for delaying its enforcement or appeal. Ill. Rev. Stat. 1973, ch. 110A, par. 304(a).

We concur with buyer's assessment of the record as it now stands. Supreme Court Rule 304(a) is applicable to counterclaims and bars an appeal where a counterclaim by a defendant remains pending although the order from which review is sought serves to dispose of the plaintiff's claims. (*Bell v. Home Federal Savings & Loan Association* (1976), 38 Ill. App. 3d 652, 348 N.E.2d 527.) In the instant case, seller filed a counterclaim seeking to recover rents allegedly due and owing on the property in question. This counterclaim was pending in the circuit court of Cook County at the time the order currently at issue was entered. Hence, that order was not final and appealable within the purview of Supreme Court Rule 304(a) absent an express finding that there was no just reason for delaying its enforcement or appeal. (*Ariola v. Nigro* (1958), 13 Ill. 2d 200, 148 N.E.2d 787.) Traditionally, unless the circuit court order incorporates the words of the rule, no appeal is permissible, and the circuit court retains jurisdiction over the entire cause, including the power to revise any or all judgments at any time prior to entry of a judgment adjudicating all claims. *Haley v. Merit Chevrolet, Inc.* (1966), 67 Ill. App. 2d 19, 214 N.E.2d 347.

■■ The record in the instant case does not disclose that the necessary finding has been made. Seller maintains that in failing to raise this issue prior to its filing of the instant petition for rehearing, buyer has not preserved the issue for review. (*Boock v. Napier* (1957), 14 Ill. App. 2d 504, 144 N.E.2d 833 (abstract).) Although support for seller's contention is to be found in *Boock*, its continued vitality must be questioned in light of repeated admonitions by Illinois courts of review that it is the court's duty to dismiss an appeal for want of jurisdiction where no final judgment was entered in the trial court however the matter may have come to the court's attention and even though neither of the parties has requested such action. See *Biagi v. O'Connor* (1959), 18 Ill. 2d 238, 163 N.E.2d 461; *Peesel v. Peesel* (1973), 11 Ill. App. 3d 76, 296 N.E.2d 69; *E. M. S. Co. v. Brandt* (1968), 103 Ill. App. 2d 445, 243 N.E.2d 695.

Accordingly, for the aforementioned reasons the instant appeal is dismissed and our opinion heretofore filed is hereby withdrawn.

Appeal dismissed.

DOWNING and PERLIN, JJ., concur.