*In re* MARRIAGE OF MYRNA IDA SCHUHAM, Petitioner-Appellee, and ANTHONY IRVING SCHUHAM, Respondent-Appellant.

First District (2nd Division)    No. 81-418

Opinion filed August 4, 1981.—Rehearing denied September 8, 1981.

David J. Letvin, of Rosenthal and Schanfield, of Chicago, and Schramm, Newman, Pines and Freyman, of St. Louis, Missouri, for appellant.

Laurence J. Bolon, of Frank, Melamed & Bolon, Ltd., of Chicago, for appellee.

Mr. PRESIDING JUSTICE HARTMAN delivered the opinion of the court:

Anthony and Myrna Schuham (hereinafter Anthony and Myrna for simplicity and clarity) were divorced in St. Louis, Missouri on July 26, 1976. Under the decree entered by the circuit court of St. Louis County on that date, Myrna received custody of their four children, Anthony was required to pay child support, and he was allowed certain visitation rights. On May 2, 1979, the Missouri court on Myrna's petition allowed her to bring the three youngest children to live with her in Chicago, which she did, and gave custody of the oldest child to Anthony. In October of 1980, Myrna filed a petition to register the 1976 Missouri decree and 1979 supplemental order (hereinafter Missouri judgments) as foreign judgments in Illinois and for an order granting an increase in child support, a modification of Anthony's visitation rights, directing payment of certain arrearages for child support, and for a rule to show cause. Anthony specially appeared in Illinois to contest jurisdiction.

The petition to register the Missouri judgments was allowed on

December 10, 1980, and the trial court found that jurisdiction existed in Illinois for modification of custody, support and visitation rights. Anthony pursues an interlocutory appeal with respect to the registration order alone. An issue earlier raised by Myrna was whether the appeal is properly before this court. We have reconsidered our denial of her motion to dismiss and, for the reasons hereinafter appearing, the appeal must be dismissed.

Anthony's special appearance was filed on November 19, 1980. It prayed that the court find it did not have *in personam* jurisdiction over him because he was a resident of Missouri, and that it had no subject matter jurisdiction over child support and visitation in the decree allowing Myrna to remove the three children to Illinois.

A hearing was held on December 10, 1980, with respective counsel present, after which the trial court entered the order that allowed registration of the Missouri judgments. That order presumably was based upon sections 16 and 17 of the Uniform Child Custody Jurisdiction Act (hereinafter Uniform Custody Act) (Ill. Rev. Stat. 1979, ch. 40, pars. 2116, 2117), since it was the Uniform Custody Act to which the petition made reference. The court found specifically that Illinois had jurisdiction over the "parties and subject matter." The order also granted Anthony leave to file a general appearance. The trial court set that part of the petition seeking modification of child custody, visitation and support for hearing on January 22, 1981.

On January 9, 1981, Anthony filed a motion to dismiss with supporting memoranda, which made the following arguments: under the Uniform Custody Act, Illinois should decline to exercise jurisdiction to modify the decree because of the existing Missouri decree, the nature of the increased child support is an *in personam* action against him and he was not properly served with process, and the modification should not be allowed as being within the two years since the original decree was entered.

At the hearing held on January 22, 1981, Anthony presented his motion to dismiss Myrna's petition to register the foreign judgments which had already been ordered registered on December 10, 1980. Although Anthony perfunctorily questioned the finality of that order, he did not move to have it vacated. Anthony's counsel described the principal issue in his motion to dismiss as "whether the courts of Illinois should assume jurisdiction of the minor children of this marriage or whether they should defer to St. Louis County, Missouri as the proper forum to litigate the issues affecting the children." His argument focused upon the application of sections 8, 14 and 15 of the Uniform Custody Act (Ill. Rev. Stat. 1979, ch. 40, pars. 2108, 2114 and 2115), not upon the registration thereunder. The argument pursued the theory that under section 15 of the Uniform Custody Act, Illinois courts were mandated not

to modify a judgment of another State unless the court that rendered the judgment did not have jurisdiction under prerequisites substantially in accordance with the Act as adopted by Illinois or the court that rendered the judgment had declined to assume jurisdiction to modify. Because Missouri adopted the Uniform Custody Act, Anthony argued that Illinois courts were required to defer to the Missouri courts for any modification proposed.

During that January 22 hearing, Anthony also urged that under section 8(c) of the Uniform Custody Act, Illinois courts should decline jurisdiction because the parties agreed upon another appropriate forum and the exercise of jurisdiction by Illinois courts would contravene the purposes of the Uniform Custody Act as set forth in section 2 (Ill. Rev. Stat. 1979, ch. 40, par. 2102). Anthony further argued the applicability of section 610(a) of the Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1979, ch. 40, par. 610(a)), which prohibits the modification of child custody judgments unless two years have elapsed from the time the judgment was entered in the absence of reasons to believe that the children's present environment may seriously endanger their physical, mental, moral or emotional health. Lastly, Anthony complained of the method of service of process by mail, which he conceded was permitted under section 6(b)(3) of the Uniform Custody Act (Ill. Rev. Stat. 1979, ch. 40, par. 2106(b)(3)), but questioned its application under circumstances in which Myrna was also seeking a money judgment and other *in personam* relief.

Our examination of Anthony's motion to dismiss of January 9, 1981, reveals no reference to the order of December 10, 1980, which directed registration of the Missouri judgments. No motion to vacate that order was ever presented or argued. The thrust of Anthony's motion and argument dealt with the application of the Uniform Custody Act and Marriage and Dissolution of Marriage Act, not the registration of the Missouri judgments. The December 10, 1980, order was not, therefore, affected by the proceedings on January 22, 1981. Anthony's motion was denied orally on January 22, 1981, in writing in the order of January 23, 1981, and the cause was transferred for hearing on the merits of the petition. During the hearing and in the order, the trial court attempted to make his determination "final and appealable"; however, that language did not refer to the December 10, 1980, registration order. The only order directing registration of the Missouri judgments was that of December 10. Anthony's notice of appeal, filed on February 19, 1981, specifically stated that he was appealing "the decision of the Circuit Court of Cook County registering the foreign judgment herein."

References to finality and appealability by the trial court made during the hearing on January 22, and in its January 23, 1981, order, with

regard to whether the court should in fact modify the Missouri judgments, involved a separate issue. Under similar circumstances, in *McNulty v. Ryan* (1969), 116 Ill. App. 2d 202, 253 N.E.2d 661, the appellate court had before it an order permitting the registration of an Oklahoma divorce decree based upon an application filed in the circuit court of Cook County under the Uniform Enforcement of Foreign Judgments Act (Ill. Rev. Stat. 1969, ch. 77, par. 88 *et seq.*). The circuit court registered the Oklahoma decree and reserved the issue of modification for a later hearing, as in the present case. The appellate court held in *McNulty*, as we hold here, that multiple claims for relief were involved in the action and that by entering judgment permitting registration, fewer than all of the pending claims were decided. Noting that since part of the claim for relief was still pending in the trial court and because no express finding was made under Supreme Court Rule 304 (Ill. Rev. Stat. 1969, ch. 110A, par. 304) that there was no just reason for delaying enforcement or appeal of that registration order, the court in *McNulty* dismissed the appeal. To the same effect is *Peesel v. Peesel* (1973), 11 Ill. App. 3d 76, 296 N.E.2d 69. For the same reasons, the appeal as to the registration order must be dismissed in the case *sub judice*. That issue may be raised in any subsequent appeal after the companion issues in the case have been determined finally.

■■ If it were to be assumed, for the sake of argument, that the January 23, 1981, order somehow could be considered within the scope of the notice of appeal, the fact that the trial court declared it to be final and appealable under Supreme Court Rule 304 (Ill. Rev. Stat. 1979, ch. 110A, par. 304) is not controlling when the order itself reveals that it is not final. (See, *e.g.*, *Chicago Title & Trust Co. v. Guaranty Bank & Trust Co.* (1978), 59 Ill. App. 3d 362, 363-64, 375 N.E.2d 522; *Mexicali Club, Inc. v. Illinois Liquor Control Com.* (1976), 37 Ill. App. 3d 797, 799, 347 N.E.2d 190.) An order denying a motion to dismiss is interlocutory (*Crane Paper Stock Co. v. Chicago & Northwestern Ry. Co.* (1976), 63 Ill. 2d 61, 66-67, 344 N.E.2d 461; *People ex rel. Bass v. Village of Niles Center* (1922), 306 Ill. 145, 137 N.E. 437; *Smith v. Interstate Fire & Casualty Co.* (1977), 47 Ill. App. 3d 555, 558, 362 N.E.2d 38; *Irvin v. Poe* (1974), 18 Ill. App. 3d 555, 310 N.E.2d 32; *Mexicali Club, Inc. v. Illinois Liquor Control Com.*), unless the court takes certain final actions affecting the substantive issues of the case, coupled with a Rule 304 finding. *People v. American National Bank & Trust Co.* (1965), 32 Ill. 2d 115, 117, 203 N.E.2d 898.

■■ The order entered on January 23, 1981, which denied dismissal of the action, decided no substantive issues in the case, but merely permitted Anthony's special appearance to stand as a general appearance; gave him 15 days within which to file a reply to Myrna's petition for modification of the Missouri judgments, and transferred the matter to the presiding judge

for assignment relative to a hearing on the merits of the case. Each element of that order, therefore, is interlocutory in character and cannot be appealed, irrespective of the trial court's finding. The appeal from the January 23, 1981, order, therefore, is also premature, and we are without jurisdiction to consider it. *Peter G. Georges, Inc. v. Feldon Building Corp.* (1978), 61 Ill. App. 3d 631, 635, 377 N.E.2d 1102.

Appeal dismissed.

DOWNING and PERLIN, JJ., concur.