LAMONT WILBURN, Plaintiff-Appellee, *v.* THE CITY OF CHICAGO *et al.*, Defendants-Appellants.

First District (4th Division)  No. 81—2634

Opinion filed April 19, 1984.

Stanley Garber, of Chicago (Robert R. Retke and Frank W. Nagorka, of counsel), for appellants.

Steinberg & Burtker, Ltd., of Chicago (Richard Grossman, of counsel), for appellee.

JUSTICE ROMITI delivered the opinion of the court:

Plaintiff brought a personal injury action against the city of Chicago and two of its employees, William Sink and Leon Koerber. Prior to submission of the case to the jury the circuit court directed a verdict in favor of Koerber. The jury returned a verdict against the city but failed to sign a verdict form as to Sink. The circuit court entered judgment against the city on the verdict. The city, contending that the jury's failure to sign a verdict against the employee amounted to a finding of not guilty as to the employee, moved for a judgment *n.o.v.* since its liability was dependent on that of its employee. The trial court denied the motion, and the city then appealed from the judgment entered against it.

We dismiss the appeal for want of jurisdiction.

Plaintiff, Lamont Wilburn, brought a suit against two police officers, William Sink and Leon Koerber, and against the city of Chicago, as their employer, claiming both compensatory and punitive damages for injuries sustained when he was shot by the police. The first count was at common law for wilful and wanton misconduct; the second was for violation of the Civil Rights Act. (42 U.S.C. sec. 1983 (1976).) At trial the court directed a verdict for Koerber. It also dismissed the civil rights claim as to the city. Count I as to Sink and the city and count II as to Sink went to the jury. Three verdict forms were submitted by the plaintiff. Only one of these is in the record, but it appears that one of the verdict forms found for the plaintiff and against both defendants and awarded compensatory and punitive damages, one found for the plaintiff and against the city and awarded compensatory and punitive damages, and the third found for the plaintiff and against Sink for compensatory and punitive damages. Defendant likewise submitted three verdict forms. These also are not in the record, but it appears that one was against plaintiff and for both defendants, one was against plaintiff and for the city, and the third was against plaintiff and for Sink. The jury was instructed that the city could only act through its agents, and closing arguments by both sides only con-

cerned Sink's conduct and not that of the city. Nevertheless, the jury signed only one verdict form finding the city liable for $25,000 compensatory damages and no punitive damages. It did not return a verdict as to Sink. The trial court then entered judgment against the city. Thereupon the city filed its motion for judgment *n.o.v.*, which the trial court denied.

■ In his petition for rehearing plaintiff contends for the first time that we do not have jurisdiction to hear this appeal because the judgment entered by the trial court did not dispose of the entire proceeding and did not contain the express written finding, required by Supreme Court Rule 304(a) (87 Ill. 2d R. 304(a)), that there was no just reason for delaying enforcement or appeal. Although neither party has previously brought this matter to our attention we are of course bound to dismiss an appeal in which we lack jurisdiction however the matter may have come to our attention. *New Alpha Progressive Baptist Church v. Elks 1596 Building Corp.* (1978), 59 Ill. App. 3d 426, 375 N.E.2d 1037.

Supreme Court Rule 304(a) provides:

> "(a) Judgments As to Fewer Than All Parties or Claims—Necessity for Special Finding. If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal. Such a finding may be made at the time of the entry of the judgment or thereafter on the court's own motion or on motion of any party. The time for filing the notice of appeal shall run from the entry of the required finding. In the absence of such a finding, any judgment that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before the entry of a judgment adjudicating all the claims, rights, and liabilities of all the parties." (87 Ill. 2d R. 304(a).)

In this cause plaintiff's action, as presented to the jury, was against two defendants, the city of Chicago and William Sink. However the trial court entered judgment as follows:

> "This day again come the parties to this suit by their attorneys respectively and the jury heretofore impaneled herein for the trial of this cause, also come.
>
> Whereupon the said jury now here after hearing all the evidence adduced, and the arguments of counsel and instructions

of the court, retire to the jury room to consider of their verdict. Which verdict is as follows, to wit:

'We, the jury, find for the plaintiff, Lamont Wilburn, and against the defendant, City of Chicago, and assess the plaintiff's damages in the sum of $25,000.00 (TWENTY-FIVE THOUSAND DOLLARS) Compensatory damages., -0- Punitive Damages.'

Therefore, it is considered by the court that the plaintiff, Lamont Wilburn, do have and recover of and from the defendant, City of Chicago, its said damages of $25,000 in form as aforesaid by the jury, assessed together with its costs and charges in this behalf expended and have execution therefor."

■■ ■ On appeal the city has contended that the jury's failure to return a verdict against William Sink constituted a finding of no liability against that defendant. Plaintiff initially contended that we should hold that the jury intended to make a finding against Sink as well as against the city. But as can be seen from the judgment order quoted above the court never entered any judgment as to Sink. It is well established in Illinois that a finding of a jury does not constitute a verdict until received and accepted by the trial court and entered of record. (*Schmidt v. Chicago City Ry. Co.* (1909), 239 Ill. 494, 88 N.E. 275.) An appeal from a verdict of a jury will not lie; there must be a judgment entered on the verdict before there can be a review of that verdict. (*Oppenheimer v. U.S. Carbon & Ribbon Manufacturing Co.* (1963), 43 Ill. App. 2d 451, 193 N.E.2d 868; 6 C. Nichols, Illinois Civil Practice sec. 5959 (rev. ed. 1975).) Thus, because the trial court never entered judgment on the jury's finding with respect to William Sink, without regard to what finding their failure to enter a verdict would be construed to be, the judgment the court did enter pertained to fewer than all the parties. And because no express written finding was made that there was no just reason for delaying enforcement or appeal the judgment that the court did enter was not appealable.

The opinion heretofore filed in this cause is withdrawn, and the appeal is dismissed for want of jurisdiction.

Prior opinion withdrawn; appeal dismissed for want of jurisdiction.

JOHNSON and JIGANTI, JJ., concur.